FREDERICK GLOVER, and others, Heirs, &c., *v.* EDWARD DOTY.

A decree of the Court of Probates admitting certain persons as heirs, is *prima facie* evidence of their being so, though such a recognition will not preclude other heirs, or even debtors of the estate, from showing the contrary; but until this is done, the decree of the Court of Probates must be held sufficient evidence of heirship.

Where a note is made payable at a future period, with interest from date if not punctually paid, such interest is in the nature of a penalty for not punctually performing the principal obligation, and the failure to do so must be strictly proved to entitle the plaintiff to recover the additional interest: Where such a note was payable at a particular place, proof that it was presented and demand of payment made at such place 'after it fell due,' will not entitle the holder to recover the additional interest.

THE plaintiffs, as heirs of Ruth Noble, for the use of Jones Glover, obtained a judgment against the defendant as one of the drawers of a promissory note, for the principal sum for which it was given, with interest at five per cent from judicial demand. The case was tried before the district court of Catahoula, *Boyce, J.*

BULLARD, J. The plaintiffs allege that they are the heirs and legal representatives of Ruth Noble, deceased, and as such, sue upon a promissory note given by the defendant, Doty, *in solido* with Joseph Williams and James McCoy, for purchases made at the sale of the property of her estate, then administered by a curator. The note calls for interest at ten per cent from date, if not punctually paid. The defendant in his answer admits that he signed the note, but he denies that the plaintiffs are the heirs and legal representatives of Ruth Noble, to whom the same was made payable He further alleges that the note was given in error. There was judgment for the plaintiffs, and the defendant appealed. His counsel contends that the court below erred in holding that the recognition of the plaintiffs as the heirs at law by the court of probates, was conclusive upon the defendant, who was a debtor of the estate ; and he contends that the judgment of that court admitting them as heirs, is *res inter alios acta.*

We are of opinion that the recognition of the plaintiffs as heirs, by the court of probates, furnishes at least *prima facie* evidence of their being so, and would have justified a payment made to them by the defendant. It is to that court that absent heirs, to whom

estates have fallen in this state, which have been administered by curators, are to address themselves in order to call such curators to an account; and although such recognition would not preclude other heirs who should afterwards appear, nor even a debtor of the estate from showing that other persons are in fact heirs, yet, until such other person is named, and evidence offered to show his heirship in preference to those who may have been admitted by the court of probates, which has not been done in this case, such evidence of heirship must be held sufficient.

The defendant further contends, that he cannot be condemned to pay the back interest, stipulated to be paid from the date of the note, in the event of the note itself not being punctually paid at maturity, because it is not shown that payment was demanded at the Gas Light Bank, where it was made payable, at maturity. The plaintiffs' attorney testifies, that *after the note fell due*, he presented it for payment at the bank; he is not positive that he did so, but feels satisfied in his own mind that he did; he intended to be particular in the matter, and not to omit any formality. Admitting that this testimony shows a demand of the note at the place where it was made payable, yet it shows that the presentment was *after the note was due*, and not at its maturity. The back interest is in the nature of a penalty for not punctually performing the principal obligation, and his failure to do so must be strictly proved. The makers may have had the money ready in bank on the day the note fell due, and have withdrawn it when they found that the note did not make its appearance. The court, in our opinion, erred in allowing the interest.

It is therefore ordered that the judgment of the district court be reversed, and that the plaintiffs recover of the defendant, Edward Doty, seven hundred and twenty seven dollars and fifty cents, with five per cent interest from the 4th of August, 1840, the date of the judicial demand, until paid, with costs in the district court; those of the appeal to be paid by the plaintiffs and appellees.

*Mayo*, for the plaintiffs.

*McGuire* and *Ray*, for the appellant,