21　743
Case 2
f120　265

No. 2351.—THE STATE OF LOUISIANA ex rel. S. BELDEN, Attorney General, *v.* MARKEY, KAISER, et al.

A third party, appealing from a judgment, must allege and show a direct pecuniary interest in the subject matter of the suit.

The city of New Orleans has no pecuniary interest in the subject matter of a suit brought under the intrusion act, No. 156 of 1868, to determine the rights of parties to seats as Aldermen and Assistant Aldermen of said city.

APPEAL from the Fifth District Court for the parish of Orleans. *Leaumont,* J.　*Simeon Belden,* Attorney General, *Wooldridge & Thomas* and *L. A. Sheldon* for relators, appellees.　*Cotton & Levy, E. Bermudez* and *J. Livingston* for defendants.　*J. R. Beckwith* (City Attorney) for city of New Orleans, appellant.

LUDELING, C. J.　The relators have moved to dismiss the appeal taken by the city of New Orleans, on the following, among other grounds, to wit:

That the city is without interest, either pecuniary or otherwise, in the suit.

The law grants the right of appeal to any one, though not a party to the suit, if he have an interest in the subject matter of the suit. C. P. 571.

But he must allege and show that interest; and it must be a *direct, pecuniary* interest.　1 N. .S. 308 ; 4 N. S. 342 ; 4 N. S. 622 ; 2 Rob. 391.

The matter at issue is the right to office—whether the relators or

the defendants are, under the law, entitled to hold the offices of Aldermen and Assistant Aldermen.

In the motion for an appeal, it is alleged " that the city of New Orleans *is interested in this suit*, in a sum exceeding five hundred dollars." The *nature of this interest* is not stated.

In the affidavit of the Mayor, accompanying the motion for an appeal, it is alleged " that the city of New Orleans has a large pecuniary interest at stake; that the revenues and property of the city are administered by the Common Council, and that both the property of the city of New Orleans and its revenues are valued for the present year at over several millions of dollars, and, by law, placed under the control of the Council, and would be under the control of W. R. Fish and the other informers, if said parties were permitted to exercise the duties, and to occupy the seats of Aldermen and Assistant Aldermen, in the Common Council of said city of New Orleans. Defendant further says that the city of New Orleans is a political corporation duly chartered by law; that said city is *interested in this suit* in a sum exceeding five hundred dollars, and that it is aggrieved by the interlocutory orders and the final judgment herein rendered," etc.

We have examined the record in vain to ascertain what the pecuniary interest of the city, in this suit, is.

What is decided against *the city* in this suit? What can be decided in her favor on appeal?

How can *any pecuniary* interest be said to be involved in this case, where there are neither salaries, fees nor perquisites attached to the offices of Aldermen and Assistant Aldermen, which are the subjects of the suit?

But whether there can be any pecuniary value attached to said offices or not, it is clear *the city* has no direct pecuniary interest in the suit.

It has been decided that, in a suit for something which has an appreciable money value, the oath of the appellant may supply the omission of evidence as to the *value of the thing in controversy*.

But we are not prepared to say that the mere affidavit of any one, that he is interested in a suit between other parties, will authorize an appeal by him. We had occasion to decide otherwise in the suit of Samuel Johnson *v.* The City of New Orleans, on an application of the French Society for charity and mutual relief, to compel the Judge of the Sixth District Court to grant them an appeal. 2 R. 391; 4 N. S. 342.

The Court will notice, *ex officio*, that there is no order of appeal in favor of the defendants. They did not ask for an order of appeal; the fault is imputable to them. 2 An. 752; 5 An. 666; 20 An. 193.

It is ordered that this appeal be dismissed at the cost of the appellant.

Rehearing refused.