Succession of Lorenz.

## No. 10,398.

### SUCCESSION OF JOSEPH LORENZ.

41 1091
52  963
52  964

1. In a proceeding taken to put heirs in possession of an estate, an issue must be joined, as in other civil matters, with the administrator in possession, and proof must be taken and judgment rendered contradictorily, recognizing their capacity.

2. Judgment of foreign countries must be clothed with all the forms required to prove their authenticity, in the country in which they are pronounced, otherwise copies of same will not be considered authentic, and cannot be admitted in evidence in the tribunals of this State.

3. What purports to be the exemplification of a record in the Imperial Royal District Court of Früdland, in the province of Bohemia, in the Empire of Austria, which does not contain *intrinsic* evidence of a judgment or decree of that court, and which is not shown by *extrinsic* evidence, to have been in the form of a judgment or decree of such court, cannot be admitted in evidence in our court as that of such judgment or decree.

APPEAL from the Civil District Court for the Parish of Orleans.
*Monroe, J.*

*Aug. Bernau* for Plaintiffs and Appellants.

*Gus. A. Breaux* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J.   The deceased, Joseph Lorenz, formerly a citizen of Früdland, Bohemia, a province of the Austrian Empire, died in New Orleans on the 17th of November, 1887, intestate, leaving a succession which consisted exclusively of cash and movables.   It was placed under an administration by the public administrator — there being no known heirs of the deceased, present or represented; and when his gestion closed there was a balance of $2,722 18 shown to be on hand, by the final account of December 19th, 1887.

The present proceeding was instituted by E. Von Meysinburg, Consul General of Austria, resident of said city, as the agent of certain persons residing in Früdland, Bohemia, to have them recognized and put in possession as the heirs of said estate.

It was orginally begun by rule, but it was dismissed by the court as of nonsuit, and this one was commenced by citation to the public administrator, in lieu thereof.

The answer is a general denial, coupled with an averment that the parties named are not the heirs of Joseph Lorenz, deceased.

On the trial, counsel for the petitioner offered to file in evidence the

procuration of the Consul General, along with what are *alleged to be* exemplifications from the records of a certain court in Bohemia, Austria, whereby the petitioning principals were duly recognized as the collateral kindred of the deceased and, as such, entitled to inherit his estate. These documents are written in the German language, and are brought up in the original annexed to the record, and it, also, contains a translation into English.

All of these were objected to as evidence, on the grounds :

" That the proceedings offered cannot stand as evidence and in lieu of evidence for the decree which is asked for herein to recognize certain heirs ; that said judgment of court has not by any proceeding whatever been recognized as the judgment of a foreign court ; that the proceeding is an *ex parte* proceeding which is not binding upon the public administrator in a proceeding against him."

These objections were sustained by the judge *a quo*, and the testimony rejected, and it was brought up annexed to a bill of exceptions, so that, in the event of an adverse ruling in this court on the question of its admissibility, we could examine it as applicable to the merits, and decide the issues involved.

The contention of the counsel for the public administrator is, that in a proceeding taken to send heirs into possession of an estate, an issue must be joined, as in other civil matters, before judgment can be rendered. That such proceeding must be conducted contradictorily, and that no testimony can be admitted on the trial, over objection, which has been taken *ex parte*.

To put the defendant's view more tersely we quote from his brief at page 2, viz :

" If the decedent had died in Austria, and an administrator, or officer, \* \* had been appointed under its laws, and the claimants herein had there proceeded contradictorily to have themselves adjudged heirs, upon such a record the court of probate here, in ancillary proceedings, would have admitted the proceedings, and held itself bound by the judgment, but such is not the instant case.

" There was no succession in Austria ; but in independent proceedings, *ex parte* merely, the petitioners obtained an order, not a judgment, which they say is binding."

This objection raises a question as to what effect is to be given to the proceedings of the Austrian court ; as to whether it presents, in effect, any judgment or decree on the question of the heirship of the claimants.

It is a requirement of our law that " when the heirs \* \* having a right to a succession, present themselves, or send their powers of at-

torney, they are bound to cause themselves to be recognized as such, and shall be put in possession by the judge of the place where the succession is opened, after having cited the curator who has been appointed for the succession." R. C. C. 1193.

Code of Practice, Article 1000, is couched in like terms.

It is elementary, that the form and effect of the actions are governed by the law of the place where they are brought. C. P. 13.

It has been held, invariably, that in such matters, heirs must proceed by suit. Caldwell's Heirs vs. Glen, Curator, 6 R. 9.

And that *ex parte* proceedings for the recognition of heirs, bind neither creditors or third persons. Dalton vs. Wickliffe, 35 Ann. 355; Succession of Lampkin, 35 Ann. 418; Succession of Charmburg, 34 Ann. 21.

Our law further provides that the applicants " shall file along with their petition, all such proofs as may go in support of their application, to the end that the curator may be made acquainted with them." C. P. 1001.

It further provides that, " if from the examination of the testimony produced in support of the prayer, the judge discovers that the petitioners are entitled to the succession, he shall put them in possession of it." C. P. 1003.

It is plain, that the question of the competency of the evidence, is one for the court *a qua,* and that it is authorized to judge of the sufficiency of the proofs offered in support of the pretensions set up by persons alleging themselves to be heirs to an estate under its jurisdiction; and it was the duty of the administrator to require strict, legal proof of same.

It is true that our law provides, that " when judgments have been rendered in foreign countries, the copies presented shall be considered authentic, and admitted in evidence in the tribunals of this State, *if they are clothed with all the forms required to prove their authenticity in the country in which they are pronounced.*" C. P. 753. (Italics are ours.)

Foreign judgments have frequently been given effect, by the decrees of our courts. Brannahan vs. Tanner, 16 La. 434; Jones vs. Jamison, 15 Ann. 35; Rowand vs. Jarvis, 5 Ann. 43; Railroad Company vs. Thornton, 12 Ann. 736; State ex rel. Plaisant vs. Railroad Company, 38 Ann. 313.

But in our conception, what is presented to us *as a judgment* of the Imperial Royal District Court of Früdland, in the province of Bohemia in the Empire of Austria, is not clothed with all the forms requisite to prove its authenticity, as such, in that country. It contains no *intrinsic* evidence of a decree, or judgment of that court; and no *extrinsic* evi-

dence was offered in the court below that the forms of law required in that country had been pursued, and that such decree — if, indeed, it be one — legally fixed the *status* of the claimants there.

While it is perfectly true that the claimants are Austrian subjects, and are, therefore, amenable to the laws of that Empire, and within the jurisdiction of the courts of that country *ratione personæ*, it is quite apparent that the *res*, i. e., the succession of Joseph Lorenz, was not; and hence, there was nothing within its control which could make its decrees effective, *ratione materiæ*.

A careful examination of the record offered in evidence, has satisfied us that, at most, the proceeding was *ex parte*, and the hearing was an extra judicial one, and had for its object the taking of the testimony of certain witnesses, who voluntarily appeared before the judge, and gave in their evidence, in order that it might be attached to a power of attorney to be executed in favor of and forwarded to the Austrian Consul at New Orleans. In effect, this was merely a commission to take testimony, before an Austrian judge, of certain persons residing in that Empire, and which had no force and effect whatever, as a judgment of court in that country.

It was the duty of plaintiffs to have obtained a commission from the court in which the suit for the recognition of the heirs was pending, to take the testimony of witnesses in Früdland, Bohemia, on which they relied.

The evidence offered was correctly rejected.

Judgment affirmed.