The opinion of the court was delivered by
Miller, J.
The plaintiffs, alleging themselves heirs of Charles M. and Edward Chamberlain, appeal from the judgment, dismissing *1056 their suit to annul an adjudication to the city of the property they claim; to have annulled the taxes on the property for the years 1880 to 1889, and to cancel the inscriptions of the tax assessments for these years, and for the years 1893 and 1894.
The grounds set forth in the petition are, that the taxes for the years 1880 to 1889 are assessed in the names of C. and E. Chamberlaiu and that Charles M. Chamberlain, intended by the assessment O. Chamberlain, was dead when the assessments were made; that the assessments for 1893 and 1894 were respectively in the names of Vidou and Baltz, never owners; that the taxes are prescribed and the adjudication to the city is void, because of the illegal assessment, and the absence of notice to plaintiffs, the owners, and other grounds are urged. The answer is the general issue, and an affirmance of the validity of the taxes and the adjudication.
The plaintiffs suing as the heirs of Charles M. and Edward Chamberlain, it was indispensable to prove their ownership of the property, the subject of this suit. The petition avers that Charles M. and Edward Chamberlain acquired part of the property by purchase and another part by inheritance. These averments have not been supported by any proof of title. We have in the record the judgment of the Civil District Court, recognizing the plaintiffs as •the heirs of Charles M. and Edward Chamberlain, and in the body of the judgment there is the description of the property plaintiffs •claim in this suit and a decree putting the plaintiffs in possession. To this judgment, as proving ownership, the city objected, and in our opinion the objection was well founded. The title the city asserts and the assessments for taxes the city'maintains can not be disturbed by a judgment in an ex parte proceeding, decreeing the plaintiffs’ ownership. If the judgment is áccepted to prove heirship It has no tendency to prove that plaintiffs or those under whom they claim were or are owners of property assessed as that of E. and C. Chamberlain. Glover and Others, Heirs, etc., vs. Doty, 1 Rob. 130.
The judgment of the lower court should have been one of non-suit.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that plaintiffs’ suit be dismissed as in case of non-suit, and that defendant pay costs of appeal, plaintiffs those of the lower court.