GEORGE B. WEISE

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 16, 1902.*

APPEALS AND ERRORS—*it is essential to a right of appeal that party have an interest in subject matter of the suit.* A lessee is not entitled to appeal from a judgment confirming a special assessment against leased premises where the judgment expressly excepts his leasehold interest, including the improvements, from liability for the assessment; and this is true notwithstanding he has covenanted to pay all taxes or assessments levied upon the premises.

APPEAL from the County Court of Cook county; the Hon. PHILIP S. POST, Judge, presiding.

C. H. SIPPEL, for appellant.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a proceeding in the county court of Cook county for the confirmation of a special assessment to defray the cost of improving a portion of Wentworth avenue, in the city of Chicago. Judgment of confirmation

was asked and granted against lots Nos. 8, 9, 12 and 13, in block 26, of canal trustees' subdivision of the south-east fractional quarter of section 21, town 39, north, range 14, east of the third principal meridian, "excepting the leasehold estate therein and improvements thereon." The title to said lots was conveyed to the city of Chicago in trust for school purposes. A school building was erected thereon and the primary and grammar school conducted therein by the public school authorities until the year 1888, when the premises were leased by the board of education to the appellant, who has since then occupied the building and premises for the purpose of conducting a manufacturing establishment therein for his personal interest and gain. The lease executed by the board of education to the appellant contained the following stipulation: "The said party of the second part, George B. Weise, for himself, his heirs, executors, administrators or assigns, doth hereby covenant and agree to and with the said first party, the board of education, that during the continuance of this lease he or they will pay all water rates, and all taxes, duties and assessments, general and special, ordinary and extraordinary, of every nature and kind whatsoever, which may be levied, imposed or assessed upon the premises herein demised." No defense was interposed by the city of Chicago, as trustee, or by the board of education of said city, but the appellant, the holder and owner of the leasehold estate in the property, sought to interpose the defense that the premises were acquired for public school purposes with public school funds and are now a part of the public school funds, and for that reason are exempt from the assessment sought to be confirmed against them. His objections were not sustained but judgment of confirmation was entered, and he has sought to bring such objections before this court by appeal.

The judgment of confirmation expressly excepted all the leasehold interest of the appellant, including the im-

provements, from liability as to the assessment, but the appellant insists he has an appealable interest, and a right to appeal, for the reason the stipulations in his lease require him to pay all taxes, duties and assessments, general and special, ordinary and extraordinary, of every nature and kind, which may be levied, imposed or assessed against the premises. The appellant has no interest in the subject matter of the judgment sought to be appealed from. The obligation of the appellant, under his lease, to pay taxes and assessments on the property, makes him interested in the question whether the property is legally liable to be specially assessed for the improvement sought to be made. If sued for a failure to comply with the stipulations of the lease the determination of that question would be of interest to him; but he is not for that reason entitled to appeal from the judgment confirming the assessment against the premises, his leasehold interest being excepted from such judgment. It is essential to the right of appeal that the appellant shall have an interest in the subject matter of the suit. (2 Cyc. 628.) "It is not sufficient that he be interested in the question litigated, or that by the determination of the question litigated he may be a party in interest in some other suit growing out of the decision of that question.—*State* v. *Markey*, 21 La. Ann. 743; *Raleigh* v. *Rogers*, 25 N. J. Eq. 506; *Swackhamer* v. *Kline*, id. 503; *Morris* v. *Garrison*, 27 Pa. St. 226; *Eclan* v. *Lancasterian School*, 2 Patt. & H. (Va.) 53." (2 Cyc. note 49, p. 629.)

The appellant has no appealable interest in the judgment against the interest of others than himself in the premises, and for this reason his appeal must be and is dismissed.                        *Appeal dismissed.*