PROVOSTY, J.
(dissenting). The bone of contention in this case is a tract of land which a colored woman named Lona McGee owned at her death, and which has become very valuable as the result of the discovery of oil upon it. This land was in the possession of one of the appellants, George West. The plaintiff, Lillie G. Taylor, also a colored woman, the illegitimate offspring of the said Lona McGee, obtained an order of court sending her into possession of the succession of her said mother, and brought a petitory action against George West in the United States District Court for the Western District of Louisiana to recover this land. In his defense to said suit George West contested the heirship of Lillie G. Taylor, on the ground that although she had been brought up by her mother and recognized and acknowledged as her child in every ordinary way in which a colored mother can recognize and acknowledge her child, yet that she was not the heir of her mother because her mother had not acknowledged her by a registry of baptism or by a notarial act. Judgment went for Lillie Taylor. West then intervened in the suit in which Lillie Taylor had obtained the order sending her into possession of the succession of her mother and obtained an appeal from said order or judgment, and that is the matter now to be considered. The state of Louisiana also has appealed from said order or judgment.
The purpose of the two appellants is to contest the heirship of Lillie Taylor, on the said ground of her not having ever been acknowledged by her mother either by notarial act or registry of baptism.
West does not claim to be either a creditor or an heir of Lona McGee. What concern of his it can be, therefore, what orders are or are not rendered in her succession, I am at a loss to imagine.
His learned counsel say that the said judgment sending Lillie Taylor into possession is a judgment in rem, and they quote Jones on Ev. § 606, to the effect that judgments in rem are binding on all persons in interest, whether parties to the proceedings in which the judgment was rendered or not.
Contrary to this, in so far as may be of interest in the present case see Succession of Lampton, 35 La. Ann. 418, and Chamberlain v. City of New Orleans, 48 La. Ann. 1055, 20 South. 169, and other cases where this court has held that a judgment recognizing heirs and sending them- into possession does not prove heirship as against third persons not parties to the proceeding in which the judgment was rendered.
West was holding property which Lillie Taylor, or any other representative of the succession of Lona McGee, might bring suit to recover from him. This was the limit of his connection with said succession. His sole interest was to prevent anybody from qualifying as the representative of said succession so that suit might not be brought against him in behalf of said succession. His appeal is simply by way of obstruction to prevent suit against him — and his appeal-able interest extends no further. It is the same precisely as any debtor of a succession, or any trespasser or other detainer of the property of a succession might have for obstructing the proceedings by which a rep *97 resentative is sought to he qualified for the succession. And surely the majority opinion does not mean to sanction the practice of allowing every debtor of a succession and every trespasser or other detainer of its property to appeal from the orders sending heirs into possession or appointing other representatives to the succession.
In the majority opinion it is said that—
“If a person in possession as owner of property has no interest in appealing from a judgment recognizing some one else to he the owner and ordering that some one else be sent into possession of the property, no person who was not a party to the proceedings in which such judgment was rendered could possibly have an interest in appealing.”
The fallacy of this reasoning of the majority opinion lies in the assumption that the order or judgment sending an heir into possession can affect the title which some third person may have in property inventoried as belonging to the succession, or can affect the possession which such third person may haye of such property; whereas, such is not the case. In the present suit, for instance, George West remained in quiet and undisturbed possession of the tract of land in question after this order, or judgment sending Lillie Tayor into possession, had been rendered; and it was only the petitory action in the District Court of the United States that disturbed him or questioned his title'. And in that suit he litigated with Lillie Taylor, on both the question of her heirship and that of the title of the succession as if Lillie Taylor had never been sent into possession.
A judgment sending heirs into possession does not pass upon the question either of title or of possession, but simply and exclusively upon that of heirship; the sending into possession is a mere consequence of the heirship; such a judgment is therefore altogether conditional upon the succession being owner of the property; it does not purport to do more than to put the heir in the shoes of the succession; its substance is that the heir is sent into possession of whatever property the succession is owner of.
The majority opinion characterizes such a judgment as one “ordering some one else” (the heir) “to be sent into possession of the property.” This wording is misleading.
Such a judgment does not order the heir “to be sent into possession,” but sends him into possession. It merely gives him permission to take possession of whatever property the succession may have; it is not an order on which he can cause a writ of any kind to issue for disturbing some third person who may happen to be in possession of property belonging to the succession. The utmost scope of such an order is to authorize the heir to take possession of whatever property the succession has possession of, and to stand in judgment for the succession in vindicating judicially whatever rights the succession may have.
And, indeed, the appealable interest of West herein does not even go to the extent of preventing the succession from being provided with a representative, for the succession has already sued him through Lillie Taylor, and the suit has already culminated in a judgment which nothing now can shake except an appeal; for the District Court of the United States will “protect” that judgment, if it is not appealed from, or if it is affirmed on appeal, against any judgment any state court may render, or any action a state court may venture to attempt, in opposition to it. Waterman v. Canal-Louisiana Bank, 215 U. S. 46, 30 Sup. Ct. 10, 54 L. Ed. 85.
The only possible benefit that I can see West can derive from the present appeal would be the influence the views of this court might have on the federal appellate court in the event this court should rule differently from the federal District Court .on the question which the purpose of these appeals is to have this court pass on.
West has no pecuniary interest; and there *99 fore the motion to dismiss his appeal on that ground should be sustained.
“A third party, appealing from a judgment must allege and show a direct pecuniary interest in the subject-matter of the suit.” State ex rel. v. Markey, 21 La. Ann. 743.
“The having of a pecuniary interest is the foundation of the right to appeal.” Levert v. Shirley Planting Co., 135 La. 929, 66 South. 301.
“It is incumbent upon an appellant, appealing from a judgment or order rendered in proceedings to which he was not a party, to disclose, in his petition for the appeal, that he is aggrieved by the judgment or order complained of, and that a reversal of .the judgment would be of advantage to him.” Citizens’ Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 South. 308.
In West’s petition for the appeal the only-allegation made for showing an appealable interest reads:
“Petitioner further shows that he is the owner and in possession of the property inventoried as belonging to the succession of Lona McGee, deceased; that the proceedings in the aforesaid suit, upon which the said judgment was predicated, are ex parte, null and void, not being conducted contradictorily with any one at interest.”
It is only because he pretends to be owner and in possession of that property of the succession that he claims the right to appeal. See, in that connection, City of New Orleans v. Dufossat, 46 La. Ann. 398, 14 South. 884, where the syllabus expressing the doctrine of the case reads:
“In case the record discloses that a third person appealing from a judgment between other persons has no interest in the appeal, that the judgment appealed from in no way aggrieves him, and does not, as to him, form res adjudicata, the appeal will be dismissed on proper motion timely made.”
The state in her petition for appeal alleges that Lona McGee left no lawful heirs, nor husband nor legally acknowledged illegitimate child.
She offered no other evidence to prove said allegation than the oath of the attorney who is representing the Attorney General in this matter, to the effect that “he believes the allegation to be true.”
From the written opinion of the Judge of the United States District Court in passing upon the application of George West for a new trial in the suit of Lillie Taylor against him, it appears that Lona McGee was survived by her husband, named Homer Scott; and the admission was freely made in the course of the oral argument as to the survival of this husband.
If so, the state is utterly without interest in this matter.
Even, however, if it be otherwise the state is only an irregular heir and as such stands on precisely the same footing as the other irregular heirs (the natural children and the husband) in her legal relation to the property of the succession. Thus in Puyoulet v. Gehrke, 143 La. 315, 78 South. 571, this court said:
“But even if the state be considered an heir, that heirship, like that of the surviving husband or wife, or his or her natural. children, is, according to articles 878 and 917, irregular. The' doctrine of le mort saisit le vif does not apply to ¡regular heirs.”
Of the natural children and the surviving husband or wife, article 949, C. C., says:
“Natural children and the surviving husband or wife before being put into possession of the estate left to them, are not considered as having succeeded to the deceased from the instant of his death; but they do not the less transmit their rights to their heirs, if they die before having made their demand to be put into possession. The reason is, that this sort of heirs having only a right of action to cause themselves to be put into possession of successions thus falling to them, this right and this action form a part of their succession, which they transmit to their heirs.”
This is so because the legal heir has the seizin, or right of possession (C. C. arts. 940 and 941); whereas, the irregular heir has not.
*101 Articles 944 and 945, C. C., read:
“Art. 944. The heir being considered as having succeeded to the deceased from the instant of his death, the first effect of this right is that the heir transmits the succession to his .own heirs, with the right of accepting or renouncing, although he himself has not accepted it, and even in ease he was ignorant that the succession was opened in his favor.
“Art. 945. The second effect of this right is to authorize the heir to institute all the actions, even possessory ones, which the deceased had a right to institute, and to prosecute those already commenced. For the heir, in everything, represents the deceased, and is of full right in his place as well for his rights as his obligations.”
The first of these rights accrues to the irregular heirs; but not the second. The irregular heir has no right to “institute actions.” The only right he has is “to cause himself to be put in possession.”
When, therefore, the state alleges in her petition for appeal that she is an heir because the decedent has left no legal heir, natural child, or husband, but • does not allege that she has caused herself “to be put in possession of the succession” of the decedent, she does not show any right on her part to “institute any action, even possessory ones,” with reference to the property of said succession. She is as yet as a stranger to it.
“The irregular heir has not the seizin, and can exercise none of the rights attached to it until he has been sent into possession.” Dalloz, Codes Annotes, No. 67 under article 724. Fuzier-Herman, Repetoire du Droit Francais, vo. Succession, No. 983.
“Cette necessité de l’envoie en possession est admise, sans distinction possible, a l’égard du conjoint survivant et de l’état.” Id.
No distinction being possible between the surviving husband and the state in regard to the necessity of having to be sent into possession, it is perfectly evident that the state can take no steps with reference to the property of the succession before having caused herself to be sent into possession, since the surviving husband manifestly could not do so.
Nay, the rights of the state as heir are even less than those of the surviving husband, for the state is not even entitled to be sent into possession. In the same ease of Puyoulet v. Gehrke, 143 La. 315, 78 South. 571, hereinabove cited, this court, speaking of the right to be sent into possession of the succession, says:
“It must then be inferred that [the framers of our Code] purposely refrained from giving such right of action to the state. The'question that next arises t is, how. then is the state to get possession of succession property which, under the terms of articles 485 and 929 of the * * * Code, devolves upon it in default of legal heirs?”
And the court holds that, quoting the syllabus of the decision—
“Property depending upon a vacant succession falling to the state remains in such vacant succession until sold, and then the proceeds of sale become the property of the state, subject, however, to the claims of the creditors or heirs of the deceased, if any appear.”
Any rights that the state may have in a succession are not to be exercised, therefore, in the manner attempted in this case, but in the mode expressly provided for by law. And that is through the public administrator in the parish of Orleans (Act 87, p. 120, 1870); and through a curator of vacant succession in the' other parishes of the state (Act 74, p. 111 of 1877; arts. 1095, 1097, C. C.)
Therefore if the allegations of the state’s petition for appeal be true, the mode of proceeding should be for the court to appoint a curator to the vacant succession, and for this curator to get possession of the property of the succession, and convert it into cash, and turn this cash over into the state treasury.
This appeal by the state is simply anomalous ; it rides rough shod over every known principle and rule governing the situation, and should for that reason be dismissed. The state, as appearing herein, has no standing whatever.
*103 Lillie Taylor, in her petition to be put in possession alleged that—
“Said Lona McGee duly acknowledged and recognized your petitioner as her child; that, moreover, the said Lona McGee, mother of petitioner, publicly and privately acknowledged and recognized her as being her child.”
She alleged;
“That Angeline Allen, the natural mother of said Lona McGee, duly acknowledged the said Lona McGee as being her child, and that the said Angeline Allen is the only, person who would have inherited any part of 'the estate of the said Lona McGee in default of your petitioner.”
And she prayed that Angeline Allen be cited to answer the petition.
Angeline Allen answered admitting that the allegations of the petition were true.
Now, a dilemma is presented to the state. If Angeline Allen, as alleged by Lillie Taylor, “duly acknowledged” Lona McGee, she was the proper person to be cited by Lillie Taylor in the proceedings for being sent into possession; and the admissions of her answer became judicial admissions; and as such are the highest possible evidence of the fact alleged by Lillie Taylor of Lona McGee, her mother, having duly acknowledged her; and, if so, the appellants have no ease on the merits. If, on the other hand, Angeline Allen did not duly acknowledge Lona McGee as her child, then the citation of her in this suit for sending into possession amounted to no more than might have done the citation of any other stranger; and, as a consequence, the judgment sending Lillie Taylor into possession was rendered contradictorily with no one (legally speaking), and therefore was not legally and in reality a judgment, but was in law nothing more than a mere ex parte order.
The theory of the state’s appeal necessarily is that Angeline Allen did not legally or duly acknowledge Lona McGee, for in the event of her having done so, Angeline Allen would be the heir of Lona McGee in default of Lillie Taylor, and the state would be without pecuniary interest, and therefore without right to appeal.
Such being the theory of the state’s appeal, and said order sending into possession having therefore to be considered as an ex parte order for all the purposes of the state’s appeal, the state is without pecuniary interest to appeal, for, as said, in the case of Succession of Schirm, 116 La. 735, 41 South. 53, where the state had appealed from an order sending heirs into possession:
“The state cannot be affected one way or the other by the ex parte order, and therefore is. without interest to appeal.”
And in Succession of Lorenz, 41 La. Ann. 1093, 6 South. 886, 7 L. R. A. 265:
“It has been held, invariably, that in such matters, heirs must proceed by suit. * * * And that ex parte proceedings for the recognition of heirs, bind neither creditors nor third persons.”
And again, in Chamberlain v. City, 48 La. Ann. 1055, 20 South. 169:
“The order of court, recognizing plaintiffs as heirs of the deceased, and placing them in possession of his property, is not evidence of his title in a suit by the heirs asserting the ownership of their ancestor brought against the party claiming title.”
In Succession of Barber, 52 La. Ann. 961, 27 South. 363, this court sustained an appeal from an ex parte order sending a widow into possession of the estate of her deceased husband; but while doing so the court said of this order:
“It gives Clara Barber no right of possession as heir. It leaves the succession of Thomas Barber still unopened, unoccupied and unclaimed.”
The court lost sight of the fact that an order which had no greater effect than this could not aggrieve any one and was therefore not appealable. The court cited Cooley v. Cooley, 38 La. Ann. 197, and Succession of *105 Lorenz, 41 La. Ann. 1093, 6 South. 886, 7 L. R. A. 265. In the first of these cases Mrs. Cooley sued her husband in separation of property, and on a moneyed demand, and haying obtained judgment received all the husband’s proijerty in payment of the judgment ; and a creditor of the husband appealed. The judgment was no evidence against this creditor, and a wife need not obtain a judgment before receiving from her husband a dation en paiement in satisfaction of her paraphernal claims. What injury, then, the said judgment could possibly have done to this appealing creditor, it is simply impossible to conceive; and the Code of Practice is express (article 15) that — ■
“An action can only be brought by one having a real and actual interest, which he pursues.”
And, of course, an appeal is an action as much so as any other form of litigation. This Cooley v. Cooley decision would seem therefore to be opposed to the Code of Practice, and to the long and unbroken line of decisions holding that for maintaining an appeal the litigant must “show a direct pecuniary interest.” State ex rel. v. Markey, 21 La. Ann. 743. In the other case cited in this Barber Case, to wit, Succession of Lorenz, the judgment appealed from was in a regular suit contradictorily conducted and by a party to the suit.
Also, in Succession of Allen, 43 La. Ann. 1071, 10 South. 304, the court sustained an appeal from an ex parte order sending into possession; but the court very frankly said:
“We find some difficulty in understanding the object of this appeal, or how the judgment appealed from practically aggrieves appellants, since they were not parties thereto, and it cannot operate as res judicata against them. * * * If, however, they are heirs, and desire to annul this judgment by appeal, we cannot controvert their right to appeal.”
As sustaining this conclusion the court cites no authority; whereas, as showing that because of the absence of pecuniary interest the appellants were without right to appeal, the court cites Sue v. Viola, 2 La. Ann. 986; Williams v. Trepagnier, 4 Mart. (N. S.) 343; and Young v. Cenas, 1 Mart. (N. S.) 308. In these cases the appellant was denied a right of appeal because he not being a party to the judgment could not be affected by it;
The general rule is stated in 3 C. J. 625, par. 481, as follows:
“The appellant’s interest, to suffice, must be a direct and immediate pecuniary interest in the particular case, and it is not sufficient that he is interested in the question litigated, or that, by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question. One who has no interest but claims wholly adversely to the interest of all parties to the suit, cannot appeal, under a statute permitting any person interested in any order, etc., to appeal. . On the other hand, as a rule, an appealable interest in the subject matter exists whenever the interest of the party may be enlarged or diminished, or his rights or liabilities affected, by the result of the appeal. Where a party will derive some substantial benefit from its modification or reversal, he has an appealable interest. And it has been held that if a party has sufficient interest to make him a party to an action, he has sufficient interest to appeal should the judgment be against him.”
A large number of illustrations of the application of this rule is given from' actual cases in the two paragraphs following the above; and they show that the appellant must have a “substantial” interest, not merely that the appeal is an easier method of securing an opinion from the Supreme Court or even a “milder remedy” to use the expression of the majority opinion. Rights which have been recognized and decreed by the trial court cannot be allowed to be interfered with and put up in the air and held there by third persons not affected one way or the other pecuniarily by such judgment. West has no rights whatever in the premises. If the state is an heir, let a curator be regularly appointed for the vacant sue- *107 cession, and let this curator proceed regularly.
I dissent from the majority opinion, and think the appeals should be dismissed.