O’NIELL, C. J.
 

 This is a contest for possession of the estate of one Pernicie Newman
 
 *93
 
 Gaston, a colored woman, wlio died intestate in New Orleans, where she had her domicile and residence, owning real estate in Caddo parish. The rest of her estate consisted of a life insurance policy for only $300. She was a widow, and had neither descendant nor ascendant relations. The defendants, four colored women residing in Caddo parish, presented a petition to the district court of that parish alleging that Pernicie Newman Gaston had died intestate at her residence and domicile in New Orleans, without descendant or ascendant relations or surviving brother or sister, or descendant of a brother or sister ; that she had left property in Cad-do parish; and that they, the petitioners, were her cousins and nearest surviving relations, and they prayed to be sent into possession of her estate unconditionally and without benefit of inventory. They made no allegation as to how they were related to the deceased, except that they were her cousins, and they offered no proof that they were related to her. The district judge to whom the petition was presented, acting on affidavits as to the truth of the allegations of the petition, and failing to observe from the petition itself that the civil district court for the parish of Orleans alone had jurisdiction in the premises, rendered an ex parte order or judgment declaring the petitioners to be the heirs of the deceased, and ordering them sent into possession of the estate unconditionally and without benefit of inventory. Under authority of the judgment, they collected the life insurance and took possession of the real estate.
 

 Nearly four years afterwards, the plaintiff, James J. Taylor, presented a petition to the civil district court for the parish of Orleans, alleging that he was the only surviving brother and the nearest relation of the deceased, and, on satisfactory proof of the allegations, obtained an ex parte order or judgment declaring him the sole surviving heir of the deceased, and ordering him sent into possession of her estate unconditionally and without benefit of inventory. Thereupon he brought this suit in the district court of Oaddo parish to have the judgment which the defendants had obtained from that court declared null for want of jurisdiction in the court that had rendered it, and to recover possession of the property and the $300 which the defendants had collected, with legal interest from the time it was collected. The case was allotted to, and tried and decided by, the judge who had rendered the ex parte judgment sending the defendants into possession of the estate. He gave judgment for the plaintiff, as prayed for, and, on the defendants’ appeal to the court of appeal, the judgment was affirmed. The case is before us on a writ of review issued at the instance of the defendants.
 

 In their answer to the suit, the defendants did not allege that they were in any way related to the deceased, but denied that the plaintiff was her legitimate brother, and averred that, if he was the son of her father, he was an illegitimate and unacknowledged son. He had alleged — and he introduced evidence in support of the allegations on the trial of the case — that his parents were slaves, and were married as such with the ceremony customary among slaves, and that they lived together continuously thereafter as man and wife until and for about two years after the Proclamation of Emancipation, when his mother died. On the trial of the case, the defendants did not offer any proof that they were in any way related to the deceased, but introduced evidence to show that there was no valid marriage between the slaves whom the plaintiff claimed to be his parents. His attorney promptly and persistently objected to the evidence, on the ground that the defendants had not alleged nor offered to prove that they were in any way related to the deceased; that
 
 *95
 
 they were holding possession under an ex parte judgment, which, according to the allegations of the petition on which it was •obtained, and according to the admitted fact that the domicile and residence of the deceased was in the parish of Orleans, was an absolute nullity; and that the defendants were therefore mere trespassers, having no interest in questioning his authority to take possession under the judgment of the civil district court for the parish of Orleans, which was conceded to have had jurisdiction to render the judgment. The trial judge overruled the objection, and allowed the evidence to be introduced, because, as he says 1 in his reasons for judgment, he would not attempt to control the defendants in the order of introducing their evidence; his intention being that the evidence tending to show that the plaintiff was not entitled to the judgment which he had obtained from the •civil district court for the parish of Orleans would have no effect upon or against the .judgment unless the defendants proved that they would inherit the estate if the plaintiff was not an heir. The judge conceded that the ex parte order or judgment which he had rendered inadvertently, sending the defendants into possession of the estate, was null for want of jurisdiction in the court that rendered it. Pie conceded also that the ex parte order of the civil district court for the parish of Orleans, declaring the plaintiff the sole heir of the deceased, and ordering him sent into possession of her estate, was a valid decree, was prima facie evidence of the plaintiff’s right to have possession of the estate, and was therefore entitled to execution and recognition so long as it was not opposed by some one having a claim in or on the estate. In deciding the case finally, therefore, the district judge did not traverse the evidence on which the ex parte judgment of the New Orleans court was founded, or ' base his conclusion upon what he considered a preponderance of the evidence as to the legitimacy or illegitimacy of the plaintiff’s birth. The judge based his decision upon his ruling that the defendants, without alleging or attempting to prove, otherwise than by the ex parte and invalid judgment which they had obtained, that they were heirs of the deceased, could not question the prima facie right of the plaintiff to take possession of the estate. The Court of Appeal merely affirmed the ruling.
 

 Our opinion is that the ruling was correct. The pnly court that has jurisdiction to open a succession and put the heirs into possession of an estate, or to appoint or confirm an executor or administrator or a tutoi, is (1) the district court in the parish in which ' the deceased had his domicile, if he had a domicile or fixed place of residence in the state; (2) in the parish where he owned real estate, if he had no domicile or place of residence in the state; (3) in the parish where the principal part of the estate is situated, if the deceased owned property in two or more parishes, and had no domicile or place of residence in the state; or (4) in the parish Where the deceased died, if he had neither domicile nor real estate in the state. Rev. Civ. Code, art. 935; Code of Practice, art. 929. A decree of any other court opening a succession and sending heirs into possession, or appointing an administrator, is null. Succession of Williamson, 3 La. Ann. 261; Miltenberger v. Knox, 21 La. Ann. 399; Clemens v. Comfort, 26 La. Ann. 270; Succession of Earhart, 50 La. Ann. 527, 23 So. 476.
 

 Although an ex parte judgment sending an heir into possession of an estate, rendered by a court of competent jurisdiction, of course, is not a basis for a plea of res judicata, or conclusive against any one having an adverse interest in or claim against the estate, such a judgment is prima facie evidence of the right of the heir in whose favor it was rendered to take possession of the
 
 *97
 
 estate. Hence the right of the heir holding such judgment to take possession of the estate cannot be opposed successfully by a mere trespasser or stranger, or by one who is neither an heir nor a creditor of the estate, or who possesses without an apparent title or right to possess the estate. Glover v. Doty, 1 Rob. 130; Succession of Lampton, 35 La. Ann. 418; Chamberlain v. City of New Orleans, 48 La. Ann. 1055, 20 So. 169.
 

 In Glover v. Doty, supra, speaking of an ex parte judgment declaring the plaintiffs to be the heirs, and ordering them sent into possession of an estate, the court said:
 

 “There was judgment for the plaintiffs, and the defendant appealed. His counsel contends that the court below erred in holding that the recognition of the plaintiffs as the heirs at law by the court of probates, was conclusive upon the defendant, who was a debtor of the estate; and he contends that the judgment of that court admitting them as heirs, is res inter alios acta.
 

 “We are of opinion that the recognition of the plaintiffs as heirs, by the court of probates, furnishes at least prima facie evidence of their being so, and would have justified a payment made to them by the defendant. It is to that court that absent heirs, to whom estates have fallen in this state, which have been adminis'tered by curators, are to address themselves in order to call such curators to an account; and although such recognition would not preclude other heirs who should afterwards appear, nor even a debtor of the estate, from showing that other persons are in fact heirs, yet,
 
 until such other person is named, and evidence ofered to shoio his heirship in preference to those who may have been admitted by the cotirt of probates, which has not been done in this case, such evidence of heirship must be held sufficient.”
 
 (The italics are ours.)
 

 In the Succession of Lampton, supra, speaking of an ex parte order or judgment sending a widow and her child into possession of the community estate at the death of her husband, the court said:
 

 “The order is prima facie evidence of their capacity as widow and heir, but their recognition cannot preclude other h’eirs nor creditors from showing the contrary.”
 

 In Chamberlain v. City of New Orleans, supra, affirming Glover v. Doty, supra, the ruling was that, although an ex parte judgment sending heirs into possession was prima facie evidence of the fact that they were the heirs of the deceased, it was not sufficient evidence that they were the‘owners of the property in dispute, in a suit against a party in possession under an apparently valid tax title. In that case it was not admitted or proven that the property in dispute belonged to the succession of the deceased persons whose estate the plaintiffs were entitled, prima facie, to have possession of. In the case before us it was admitted in the defendants’ answer that the property and fund in dispute belonged to the succession, and therefore belonged to the heir or. heirs at law of the deceased, Pernicie Newman Gas-ton. The defendants do not claim the estate, or the right to possess it, except in virtue -of the ex parte and null judgment declaring them to be the heirs of the deceased, Pernicie Newman Gaston, and their possession of the estate does not antedate the admitted ownership in her succession or in her heir or heirs at law.
 

 This case is controlled by the doctrine stated in Zeringue v. Williams, 15 La. Ann. 76, viz.:
 

 “Although in a petitory action the plaintiff must recover on the strength of his own title, yet when the defendant has no title at all, he cannot, as a trespasser, take advantage of any defect in the muniments of title shown by the plaintiff; in such a case, a title apparently good is sufficient to maintain a petitory action.”
 

 See, also, Gravenberg v. Savoie, 8 La. Ann. 499; Stille v. Shull, 41 La. Ann. 816, 6 So. 634; Vicksburg, Shreveport & Pacific Railroad Co. v. Sledge, 41 La. Ann. 903, 6 So. 725; Rowson v. Barbe, 51 La. Ann. 351, 25 So. 139.
 

 The judgment is affirmed.
 

 ST. PAUL, J., dissents.