ST. PAUL, J.
 

 Alexander Franklin died in the parish of St. Bernard. His children by his first wife, Marie Bazile, opened his succession in said parish and caused themselves to be recognized as his sole heirs and sent into possession of his estate. Ten days later his second wife, .Virginia Seymour, opened his succession.- in .the .parish of Orleans and was appointed administratrix thereof.
 

 I.
 

 When the administratrix attempted to sell the property of the succession she was met by an injunction, setting forth in effect that the domicile of the deceased was in St. Bernard parish, that the district court of said parish alone had jurisdiction, that petitioners for injunction were the sole heirs of the deceased and had been so recognized and sent into possession by judgment of said district court of St. Bernard, and that the district court for the .parish of Orleans was without jurisdiction in the premises.
 

 The defendant in injunction answered, alleging in substance that the deceased was domiciled in the parish of Orleans, that the district court of Orleans parish alone had jurisdiction over his succession, that the district court of St. Bernard parish had no jurisdiction, and that its judgment in the premises was a nullity. She also denied the heirship of plaintiffs in injunction.
 

 II.
 

 When the matter came up before the lower court the petitioners for injunction rested their case on the judgment of the district court of St. Bernard parish, and the trial judge refused to hear any testimony whatever, even as to the domicile of the deceased, on the ground that said judgment was conclusive.
 

 III.
 

 It is quite true that an ex parte judgment of a court of competent jurisdiction, recognizing heirs and sending them into "possession, though not conclusive, is yet prima facie evidence of their right. Taylor v. Williams, 162 La. 92, 96, 110 So. 100. But the court must have jurisdiction, and where the deceased was domiciled in the state the only court having jurisdiction over his succession is the court of the parish in which he had his domicile. R. C. C. art. 935, C. P. art. 929. A- decree- of any other court opening his succession and sending heirs into possession or
 
 *657
 
 appointing an administrator is null. Taylor v. Williams, supra.
 

 IV.
 

 It is therefore clear that the trial judge should have heard testimony as to the domicile of the deceased at the time of his death. If that domicile was in the parish of Orleans, then the judgment of the court of St. Bernard parish is null and the administratrix was properly appointed and should be allowed to proceed with her administration. On the other hand, if the domicile of the deceased was in St. Bernard parish, then the proceedings before the court of that parish were regular and the appointment of an administratrix by the court of the parish of Orleans was null.
 

 We think the trial judge erred in perpetuating the injunction without hearing evidence as to the domicile of the deceased. That, however, would be the only evidence in any way relevant at this time.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that the case be remanded to the lower court for further proceeding in accordance with the views hereinabove expressed.