142 So. 121

Succession of LEWIS.

In re LEWIS.

No. 31786.

April 25, 1932.

Rehearing Denied May 23, 1932.

Agnes E. Lewis, in pro. per.

OVERTON, J.

The purpose of this application is to bring to this court the probate record in the succession of John B. Lewis, No. 2918 of the probate docket of the parish of Iberia, and to compel the district judge, presiding in that parish, to recognize the proceedings had in the civil district court for the parish of Orleans in the matter of the probate of the last will and testament of said John B. Lewis, to order them recorded in the probate records of Iberia parish, and to prohibit the judge, presiding in Iberia parish, from proceeding further in the matter until the final disposition of this application.

This court granted an order directing the district judge, presiding in Iberia parish, to send up a certified copy of the record, and to show cause why the proceedings in the parish of Orleans should not be recognized, or the will of John B. Lewis admitted to probate by the judge, presiding in the parish of Iberia.

The district judge, presiding in the latter parish, has forwarded the record in the pro-

bate proceedings, and filed an answer showing that he has not recognized the proceedings had in the civil district court for the parish of Orleans and has not ordered them recorded, because John B. Lewis died at his domicile in the parish of Iberia, and therefore the civil district court for the parish of Orleans was without jurisdiction in the matter, that court not having probate jurisdiction, where the deceased was domiciled in the state, outside of the parish of Orleans; and that he did not admit to registry the documents presented as the will of the deceased for want of proof that the instruments constituted his will.

It appears from the return of the judge that John B. Lewis was for a number of years a resident of the parish of Iberia, and that he died at his domicile in that parish, on July 26, 1930, leaving as an asset a plantation in the parish of Iberia, upon which he resided for years. In two petitions, filed successively in the proceedings in Iberia parish by three of his five children, one of them having renounced the succession, to probate what purported to be the last wills and testaments of the deceased, one of the wills being alleged to have been discovered following the hearing of evidence in the attempt to probate the first, it is alleged that the deceased died at his domicile in the parish of Iberia. In the petition, filed by the relator herein, to probate the second will, filed in the parish of Orleans—a step taken, it is said, in the prosecution of certain litigation pending in the latter parish—no reference is made to the domicile of the deceased. In the application to this court for writs, it is alleged by the applicant that the deceased died at his domicile in the parish of Iberia. It therefore does not admit of question that the domicile of the deceased, at the time of his death, was in the parish of Iberia.

With reference to the proceedings in the parish of Iberia, the court there, upon the application of three of the heirs, issued an order directing the New Iberia National Bank to produce in open court the last will and testament of the deceased. The will was produced on the date directed, and on that date a codicil to the will was also presented by these heirs for probate. The court proceeded to hear proof of the will and codicil. The three heirs presented as witnesses the president and the assistant cashier of the New Iberia National Bank. The two witnesses satisfied the court of their competency to testify touching the handwriting of the deceased. The court then presented to them the first will offered for probate with the codicil thereto, both the will and codicil being in olographic form, and asked these witnesses whether they recognized the documents as having been entirely dated, written, and signed by the deceased. The witnesses replied that they would not so testify, and gave as reason for this refusal what seemed to them to be an appreciable difference between the handwriting of the instruments and what they knew the handwriting of the deceased to be, and also gave as reason for the refusal what appeared to them to be a marked difference between the handwriting of the will and that of the codicil. The court, no other witnesses appearing, therefore refused to decree the will and codicil probated.

Some eleven months later the second will was presented for probate, and also a second codicil. The sheriff and the clerk of court were presented as witnesses. They had known the deceased for over twenty years.

Neither witness was able to testify that the will and the codicils were entirely dated, written, and signed by the deceased. The court therefore refused to decree the will and the codicils probated. Later, two more witnesses were presented, one a former cashier of the bank of Jeanerette and the other a planter residing in the locality where the deceased resided, both of whom testified, on examining the documents, that the handwriting was different from that which they knew as the handwriting of the deceased, and therefore refused to say that the documents were written and signed by him. Again the court refused to decree the will and codicils probated. Thereafter these instruments were presented for probate to the civil district court for the parish of Orleans, and, upon the evidence of two reputable witnesses connected with one of the banks there, was decreed probated by division "C" of that court.

 Taking up for consideration the probate of the will and codicils by the civil district court for the parish of Orleans, it seems apparent to us, from the foregoing statement, that it was without right or jurisdiction to admit them to probate, and to order that the testamentary executrix, named therein, be qualified. Not only did the jurisdiction of that court fail to appear affirmatively, but it appears from the proceedings in Iberia parish, and from the return of the judge there, that the deceased died at his domicile in the parish of Iberia.

The place in which the law declares a succession to be opened, where the deceased was domiciled in the state, is in the parish in which the deceased resided. Code of Practice, art. 929, Civil Code, art. 935. As deceased was not a resident of the parish of Orleans,

the civil district court for that parish was without jurisdiction to probate the will and the codicils. As a result, the probate of the will there, including the orders there rendered in probating it, is null and void. Succession of Williamson, 3 La. Ann. 261; Taylor v. Williams, 162 La. 92, 110 So. 100; Succession of Franklin, 164 La. 654, 114 So. 583. The district court in the parish of Iberia therefore acted properly in refusing to recognize the proceedings had in the parish of Orleans. The fact that there was a suit pending in the parish of Orleans in which it was necessary that the succession of the deceased be made a party did not vest the court there with jurisdiction to probate the will and to order the executrix, named therein, qualified. This power belonged alone to the court of the domicile of the deceased.

 The district court in the parish of Iberia did not err in refusing to decree the will probated and in ordering letters testamentary to issue upon complying with the law. This is so, not because it is certain that the will is not in the handwriting of the deceased, there being no such finding below, but because there has been a total failure of proof as to signature and handwriting. In order to be valid, an olographic will must be entirely written, dated, and signed by the hand of the testator. Civil Code, art. 1588. Proof of this must be made by the declaration of two credible witnesses. Civ. Code, art. 1655, as amended by Act No. 119 of 1896, p. 168. As such proof was not made before the court in Iberia parish, it was not error for that court to refuse to decree the will probated. In so concluding, we are not to be understood as holding that, in the probate of a will where there is a difference of opinion as between

the applicant and the court, touching the sufficiency of the evidence, or where there is error in disposing of the demand, a hearing being granted, mandamus is a proper remedy, in lieu of the ordinary one of appeal.

We have read with interest the brief filed in propria persona by the applicant herein for writs. If she thinks that she can establish that the will and the codicils were written, dated, and signed by the hand of the deceased, which the brief suggests, she should offer proof of their having been so written, dated, and signed before the court of his domicile, and, if she should feel aggrieved by the ruling, she should take the case to the proper appellate court, including the evidence adduced, by appeal.

For these reasons the application herein is rejected at relator's costs.