STOKER, Judge.
This is an appeal from a decision of the trial court refusing to admit to probate a purported olographic will offered by appellant Louise King Posey. The basis for the trial court’s decision was that the proponent of the will failed to prove that it was signed by the decedent because the signature was printed rather than written in longhand. The trial judge reasoned that if the decedent had intended for the document to have the effect of a will, then he would have written and signed the document in longhand.
Decedent, Harold Rudolph Posey, died on May 15, 1978. On May 26, 1978, L. Diane Posey Johnson qualified as administratrix of his succession. On June 6, 1978, appellant filed a document purported to be the olographic will of the decedent. The ad-ministratrix opposed the probate of this will and a hearing on this was held on June 27, 1978. At the close of this hearing, the trial judge rendered judgment in favor of the opponent and gave oral reasons therefor. While not necessarily agreeing with the reasons assigned by the trial court, we affirm.
The record reflects that proponent Louise King Posey lived with the decedent at the time of his death. Although she had taken the decedent’s name, appellant had never been married to the decedent. After decedent’s death, the appellant found the purported will in the decedent’s wallet. This document was handprinted as opposed to being handwritten in longhand. The purported will would make Louise King Posey the decedent’s sole legatee subject to the legitime of his daughter, the appellee in this case.
Appellant asserts that the sole issue on appeal is whether a purported olographic will can still be valid although printed by the testator rather than written in longhand. The court feels that it is unnecessary to reach that issue since proponent failed to establish that the purported will was printed by the hand of the decedent.
*1244 The requirement that an olographic will be written by the hand of the testator is spelled out in Article 1588 of the Louisiana Civil Code which reads as follows:
The olographic testament is that which is written by the testator himself.
In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State.
Article 2903, of the Louisiana Code of Civil Procedure places the burden of proving that an olographic testament was “entirely written, dated and signed by the hand of the testator” on the proponent of the purported will. Article 2903 states:
At the contradictory trial to probate a testament, its proponent bears the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of law.
The requisites of meeting this burden are spelled out in Article 2883 of the Code of Civil Procedure which states:
The olographic testament must be proved by the testimony of two credible witnesses that the testament was entirely written, dated, and signed in the testator’s handwriting. The court must satisfy itself, through interrogation or from the depositions of the witnesses, that the handwriting and signature are those of the testator, and must mention these facts in its proces verbal.
In the present case, therefore, the burden of proving that the purported will was entirely written by the hand of the testator rested with Louise King Posey. In order to prove this, she would have needed to have produced two witnesses to testify as to the genuineness of the writing and the signature in the document purported to be the will of Harold Rudolph Posey. However, Ms. Posey herself was the only witness to testify that the printing and the signature in the purported will was that of the decedent. Thus, since proponent failed to meet the requirement of producing two witnesses found in Article 2883, she did not carry her burden of proving the validity of the purported will. See Succession of Sullivan, 178 La. 230,151 So. 190 (1933) and Succession of Lewis 174 La. 901, 142 So. 121 (1932).
For the reasons assigned, the judgment of the District Court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.