No. 5023.

JULIUS LEVIN et als. *v.* JOHN DE LACEY, Sheriff, et als.

Article 261 C. P., authorizing the sale, for certain causes, of property under attachment, does not direct the sheriff to take from the purchasers bonds in the nature of judgments, as in sales under executions, and the expressions "to have the force and effect of a judgment at law." used in said bonds, must be considered as mere surplusage. This court knows of no law which gives to such bonds the form of a judgment upon which an execution may issue. Therefore, the injunction in this case should have been maintained without prejudice to the rights of parties upon the said bonds.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *James G. White*, for plaintiffs and appellants. *R. A. Hunter*, for defendants and appellees.

HOWELL, J. In the case of Joseph Hoy & Co. *v.* B. Weiss, No. 1713 of the docket of the lower court, property of the said defendant was attached, and on a rule judgment was rendered dissolving the attachment, from which the plaintiffs, Joseph Hoy & Co., appealed suspen--

sively. Afterwards they obtained an order, under Article 261 C. P., to the sheriff, to sell the said property according to law and retain the proceeds in his hands subject to the order of court. The property was advertised to be sold for cash, but two-thirds of the appraisement not being bid, it was again advertised and sold on twelve months credit, the purchaser giving three bonds in favor of the sheriff, with the plaintiffs in this suit as his sureties. More than a year after their maturity, three several writs of *fi. fa.* were issued on them and the property of the plaintiffs was seized, whereupon they injoined the sale thereof on the grounds that the said instruments are informal and null, not being taken in accordance with law and not authorizing execution thereon, as in case of twelve months bonds given in the execution of judgments.

The assignees of Joseph Hoy & Co. answered, disclaiming any part in the attempt to collect said bonds, and averring that under the judgment in their above named suit they caused the said bonds to be seized by garnishment process against the sheriff to the extent of $807. The sheriff answered, setting up the order to sell and his proceedings thereunder, and alleging that the said bonds were taken for the several different amounts to suit the claims of intervening parties, that the assignees of Joseph Hoy & Co. had obtained judgment against him as garnishee for the excess above the claims of said intervenors, that all his acts were in accordance with law and the orders of court, and the plaintiffs having voluntarily executed said bonds can not urge informalities or except to their binding effect, and he prayed that the injunction be dissolved. Several parties intervened, claiming privilege upon the said bonds, and asked that the injunction be dissolved. From a judgment in favor of the defendants the plaintiffs appealed.

Without expressing an opinion as to the validity of the said bonds, we think executions improperly issued upon them, as Article 261 C. P. authorizing the sale, for certain causes, of property under attachment, does not direct the sheriff to take from the purchasers bonds in the nature of judgments, as in sales under executions, and the expression "to have the force and effect of a judgment at law" used in said bonds, must be considered mere surplusage. We know of no law and have been referred to none which gives to such bonds the force of a judgment upon which an execution may issue. We think the injunction should have been maintained without prejudice to the rights of parties upon the said bonds.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction herein be perpetuated, reserving to all parties in interest their rights, if any they have, in or upon the bonds referred to and described in the pleadings herein. The appellees to pay costs in both courts.