No. 705

First Circuit

HOWELL v. KRETZ

(December 1, 1930. Opinion and Decree.)
(January 26, 1931. Rehearing Refused.)

Chas. J. Mundy, of New Orleans, attorney for plaintiff, appellant.

Hermann Moyse, of Baton Rouge, attorney for defendant, appellee.

LeBLANC, J. Mamie Gray, wife of Joshua Howell, died in the city of New Orleans, on September 8, 1926, leaving an estate consisting of a lot of ground in the city of Baton Rouge, which she had acquired from James D. Brown, on March 24, 1903.

On December 9, 1926, Belle Kretz, a natural child of Mamie Gray, claiming to

be her sole heir, petitioned the Nineteenth judicial district court in the parish of East Baton Rouge, to be recognized as such and to be placed in possession of the estate. She set out in her petition that while the deed to the property showed that it had been purchased by Mamie Gray, as a matter of truth and fact it had been really bought in equal indivision by Mamie Gray and her mother, Caroline Gray, and that Caroline Gray was the true and lawful owner of an undivided one-half of the said property. She further alleged that the building on the southern portion of the property had been erected by her and that it belonged to her entirely. On the same day that she presented her petition, the court, on ex parte affidavits, rendered an ex parte judgment decreeing: First, that she was the sole heir of the decedent Mamie Gray and ordering that as such she be sent and placed in possession of the estate; second, that Caroline Gray and she be recognized as the owners in indivision of the lot of ground in the city of Baton Rouge; and, third, that she be recognized as the owner of the cottage house built on the southern portion of the said lot of ground, the same having been built and paid for by her.

On June 13, 1927, Joshua Howell, representing himself as the surviving husband of Mamie Gray, opened her succession in the civil district court for the parish of Orleans. In his petition to the court he set out all the proceedings that had taken place in the court in East Baton Rouge parish and averred that they were null and void for want of jurisdiction on the part of that court, as Mamie Gray did not live in the city of Baton Rouge, but in the city of New Orleans, where she died and where she had made her home for more than thirteen years. In default of any legal relatives in either the ascending or descending line, or collateral relations, he claimed the property of the estate and asked to be put in possession thereof. He made Belle Kretz a party to the proceeding and had her cited to appear and assert any rights she might claim.

Belle Kretz appeared through her counsel and on June 28, 1927, filed an exception to the jurisdiction of the court ratione personæ. The minutes of court of July 8, 1927, show that the exception was overruled. On March 9, 1928, a preliminary default was entered, and on March 20, 1927, it was confirmed by judgment of court which was signed on March 27, 1928.

Armed with this judgment in his favor, Joshua Howell came into the district court in East Baton Rouge parish and instituted a proceeding by rule to recover possession of the lot of ground in the city of Baton Rouge which was being held by Belle Kretz under the judgment obtained by her in that court.

In defense to the rule Belle Kretz presents all the proceedings conducted in her behalf in the Baton Rouge court, on which she relies for her title to the property. She further pleads the nullity of the judgment rendered by the civil district court in New Orleans on the ground that that court was without jurisdiction ratione materiæ, as Mamie Gray, so she alleges, had her domicile established in the city of Baton Rouge, and this gave the district court of East Baton Rouge parish jurisdiction over her succession. She attacks the judgment of the civil district court in New Orleans also on the ground that the proceedings instituted in that court had been dismissed. She alleges that although the minutes of that court showed that the exception filed on her behalf to the jurisdic-

tion of the court had been overruled, such minute entry was made through inadvertence, and the true and real fact was that the exception had been sustained by the court and the proceedings dismissed.

The Provident Building & Loan Association, claiming to have a mortgage and vendor's lien on the lot of ground in controversy, intervened in the proceeding brought by Howell and joined the defendant in all of her claims and pretensions.

On the trial of the rule, counsel for Howell objected to the admission of any evidence relying entirely on the judgment obtained, contradictorily with Belle Kretz, as he contended, in the civil district court in New Orleans, which judgment was then more than a year old and had never been attacked. The objection was taken under advisement by the court and on a later date overruled. The court then, under objections again strenuously urged on the part of Howell, heard evidence on the question of domicile of the decedent and on the validity of the judgment rendered in New Orleans, and rendered judgment in favor of the defendant in rule, Belle Kretz, and of the intervener, Provident Building & Loan Association, recalling the rule and dismissing plaintiff's suit at his costs.

From that judgment this appeal was taken.

The important, if not the sole, issue presented is the one of jurisdiction, and to decide that issue it will be necessary to determine where the decedent, Mamie Gray, had her domicile, if she had a fixed domicile or place of residence in the state, as the only court that had jurisdiction to open her succession was the one of the parish in which that domicile was established. Civil Code, art. 935.

Each of the parties in this proceeding contests the other's right to attack the respective judgment on which each rests for his or her rights in the succession of Mamie Gray. The defendant by her pleading in answer to the rule, however, places the question of jurisdiction before the court and submitted proof thereon over the objection of counsel for plaintiff.

From this proof it appears that the decedent was married to plaintiff, Joshua Howell, in the city of New Orleans, on January 30, 1913. There is no question but that Joshua Howell resided and had his domicile in the city of New Orleans. When Mamie Gray married him, therefore, his domicile by virtue of law became her domicile also. "A married woman has no other domicile than that of her husband. * * *" Civil Code, art. 39. True it is that they quarreled and separated once or twice and were living apart at the time of decedent's death, but there never was a judicial or legal separation between them. We do not find evidence of misconduct on the part of Howell or of ill treatment of his wife of such character as would justify a right on her part to establish a separate domicile. He was obliged to receive her and give her what was required for the conveniences of life, according to his means and condition, and she was bound to live with him wherever he chose to reside. Civil Code, art. 120; Birmingham v. O'Neil, 116 La. 1085, 41 So. 323; Stevens v. Allen, 139 La. 662, 71 So. 936, L. R. A. 1916E, 1115.

Aside from the fact that her marital status fixed her domicile in the city of New Orleans, we believe that the weight of the testimony shows that that city was actually her place of residence and her domicile. She rented a home there in which she lived, earned her means of living there, joined benevolent and fraternal insurance societies there, and died there. In consid-

ering what was her real intention in establishing her residence and place of domicile, we are satisfied that the acts referred to more than offset the occasional visits she made to Baton Rouge and her statements, as reported by a few friends and relatives that that city was her home.

Having concluded that the residence of the decedent, and certainly her domicile by reason of her marriage to the plaintiff, was in the city of New Orleans, the civil district court of Orleans parish was the court vested with jurisdiction over her succession. Civil Code, art. 935. It therefore follows that the court in East Baton Rouge parish had no jurisdiction ratione materiæ when it acted in the proceedings instituted there at the instigation of Belle Kretz, and the judgment rendered which placed her in possession of the property of the estate was an absolute nullity.

"It is quite true that an ex parte judgment of a court of competent jurisdiction, recognizing heirs and sending them into possession, though not conclusive, is yet prima facie evidence of their right. Taylor v. Williams, 162 La. 92, 96, 110 So. 100. But the court must have jurisdiction, and where the deceased was domiciled in the state the only court having jurisdiction over his succession is the court of the parish in which he had his domicile. R. C. C. art. 935, C. P. art. 929. A decree of any other court opening his succession and sending heirs into possession or appointing an administrator is null. Taylor v. Williams, supra." Succession of Franklin, 164 La. 654, 114 So. 583.

See also Succession of Williamson, 3 La. Ann. 261; Miltenberger v. Knox, 21 La. Ann. 399; Clemens v. Comfort, 26 La. Ann. 270.

Such judgment being a nullity, the situation was the same as if none would have ever been rendered or ever existed. Alter v. Pickett, 24 La. Ann. 513. It is subject to attack by any one having an adverse interest at any time and anywhere, and the latter is not forced to a direct action to have its nullity declared. Decuir v. Decuir, 105 La. 481, 29 So. 932. In citing this last case in State v. Nicolosi, 128 La. 836, the court said at page 846, 55 So. 475, 478:

"And, so far as nullity resulting from absence of jurisdiction is concerned, why that is a matter which in the words of this court in the case of Decuir v. Decuir, 105 La. 485, 29 So. 934, 'may be invoked by any one at any time and anywhere.'"

The judgment under which Howell, plaintiff in rule, is proceeding, is an apparently valid one which places him in possession of the property of the estate and more particularly of the lot of ground in the city of Baton Rouge, and he is entitled to a writ of possession under article 630 of the Code of Practice. State ex rel. Levy v. Bondy, 15 La. Ann. 573, 77 Am. Dec. 195; Martel et al. v. Jennings-Heywood Oil Syndicate, 114 La. 903, 38 So. 612. He did not ask for the immediate issuance of the writ, but had a rule nisi issue against the defendant Belle Kretz to show cause why it should not be granted. She joined issue with him on this rule, raising the question of jurisdiction and assailing the judgment on which he rested on the further ground that it had been entered upon the minutes of the court which rendered it "through some extraordinary error and oversight on the part of" the presiding judge. By timely objection to the introduction of evidence to prove what that error consisted of, counsel for Howell protected his right against attack of that judgment in this proceeding. Mere inadvertence or extraordinary error or oversight on the part of the judge does not give rise to an annullment of a judgment in a collateral manner. Article 607 of the Code of

Practice provides that "a definitive judgment may be annulled * * * where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered." We find in the Louisiana cases cited by counsel for defendant that it is held merely that "the courts have discretionary power to determine what kinds of frauds or ill practices strike a judgment with nullity." Miller v. Miller, 156 La. 46, 100 So. 45, 47. It is to be observed that the court distinctly uses the words "fraud or ill practices." In all other cases referred to, relief seemed to have been granted under the rules of equity peculiar to the common law, which of course we can only resort to in the absence of any express law on the subject. C. C. art. 21.

The claims of the intervener, Provident Building & Loan Association, are entirely dependent upon the claims and pretensions of the defendant in rule, Belle Kretz, and as judgment shall be rendered against her, it follows that the intervention will have to be dismissed.

It is therefore ordered that the judgment herein appealed from be avoided, set aside, and reversed, and that judgment be now rendered in favor of Joshua Howell, plaintiff in rule, and against defendant, Belle Kretz, condemning her to vacate the premises known as No. ——— Maine street, in the city of Baton Rouge, La., the same being the lot of ground belonging to the succession of Mamie Gray, and to deliver possession of same to the said plaintiff, Joshua Howell.

It is further ordered that the intervention of Provident Building & Loan Association, intervener herein, be and the same is hereby dismissed at its cost, all other costs to be paid by the defendant in rule.