148 So. 6

### SCOTT v. HOWELL et al.

### No. 31771.

March 27, 1933.

Rehearing Denied May 1, 1933.

See, also, 174 La. 802, 141 So. 841.

Fred G. Benton, Dewey J. Sanchez, and Dudley L. Weber, all of Baton Rouge, for appellant.

Charles J. Mundy, of New Orleans, for appellee.

ST. PAUL, Justice.

This is a petitory action instituted before the district court of the parish of East Baton Rouge, wherein plaintiff claims to be the owner of certain real estate situated in said parish once belonging to Mamie Gray, deceased, and being the separate property of said deceased for having been acquired by her before her marriage to Joshua Howell, one of the defendants herein. This suit is brought against said Joshua Howell and Charles J. Mundy, an assignee of Howell for a part of

the property; both Howell and Mundy being residents of the parish of Orleans.

## I.

Mamie Gray resided and was domiciled in the parish of Orleans and died in said parish intestate, leaving no lawful descendants. Her succession was opened in the parish of East Baton Rouge, and Belle Kretz, an alleged natural daughter, was put in possession of her estate. R. C. C. art. 918.

About the same time, or shortly thereafter, Joshua Howell, the husband of Mamie Gray, opened her succession in the parish of Orleans, claiming to be her sole heir in default of lawful ascendants, descendants, or collateral relations and natural children. R. C. C. art. 924, par. 2.

To the proceedings thus taken by him in the parish of Orleans, he made Belle Kretz a party, calling upon her to assert whatever rights she might have, if any, to the succession of the deceased Mamie Gray. To these proceedings Belle Kretz filed an exception to the jurisdiction of the Orleans court, which exception was overruled, and, no answer having been filed, a default was taken and confirmed, and Joshua Howell was put into possession of the estate of his deceased wife.

Thereupon, armed with this judgment, he took a proceeding by rule in the district court of East Baton Rouge to eject Belle Kretz from property and have himself put in physical possession thereof, and therein urged his judgment as res adjudicata against Belle Kretz.

On the other hand, Belle Kretz pleaded the nullity of said judgment for alleged want of jurisdiction in the district court of Orleans.

Her plea was sustained by the lower court but reversed by the Court of Appeal and judgment was rendered by said court "in favor of Joshua Howell, plaintiff in rule, and against defendant, Belle Kretz, condemning her to vacate the premises * * * and to deliver possession of same to the said plaintiff, Joshua Howell," all of which is set forth more fully in the opinion of the Court of Appeal, First Circuit. See Howell v. Kretz, 15 La. App. 454, 131 So. 204, 206.

Accordingly Howell and Mundy, his assignee for part, are now in physical possession of the property in controversy situated, as aforesaid, in the parish of East Baton Rouge.

## II.

The defendants Howell and Mundy being, as aforesaid, residents of the parish of Orleans, filed an exception of want of jurisdiction ratione personæ, and there was judgment below decreeing "that *the exception to the jurisdiction of the court* be and the same is hereby maintained, and plaintiff's suit is dismissed at her costs."

## III.

We think the trial judge erred. "In actions of revendication of real property, * * * the defendant may be cited * * * either within the jurisdiction where the property revendicated * * * is situated, * * * though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses." C. P. art. 163. The plea

to the jurisdiction ratione personæ is therefore not well founded.

## IV.

■■ It may be that the defendants meant to plead to the jurisdiction ratione materiæ or that the trial judge treated it as such. At any rate, every judge is bound to notice, ex officio, any lack of jurisdiction ratione materiæ. And at first blush it would look as if the only court having jurisdiction of this action is the district court of Orleans parish wherein the succession was opened and which had exclusive jurisdiction of said succession, for plaintiff is claiming through the succession and not adversely to it. She alleges that she is the sole legitimate collateral relation of said Mamie Gray, to wit, a niece of said deceased. And whilst she is claiming only one piece of property (which, incidentally, seems to be the only property of the succession), she is, in effect, claiming the whole succession; and it might be urged, with some plausibility, that such a suit, being itself "an action for the recovery of an immovable estate or an entire succession," and therefore "considered an immovable" from the object to which it applies (R. C. C. art. 471; cf. R. C. C. art. 3548), should be brought where such immovable, i. e., the succession, has been opened and is situated.

But the jurisprudence has long since settled it otherwise, thus:

"In an action of revendication by an heir at law, demanding the property of a succession, which is in the hands of the instituted heir, who claims and holds it under the will, the District and not the Probate Court, is the proper tribunal in which the suit must be brought." O'Donogan v. Knox, 11 La. 384.

"Where a party has been put in possession of a succession, as testamentary heir, by a decree of the Court of Probates, that court is divested of all control over the estate; and one who claims the property as the heir at law of the deceased, must proceed before the courts of ordinary jurisdiction. Nor is it requisite, before instituting such revendicatory action, that the claimant should be recognized as heir by the Probate Court; this is only required while the succession continues under the supervision of the court by which the executor, administrator, or curator was appointed." Layre v. Pasco, 5 Rob. page 9.

### Decree.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the exception to the jurisdiction of the court be overruled and the case remanded to the court below to be proceeded with according to law; defendant to pay the cost of this appeal and cost of the court below to abide the final result.