## HIMEL et ux. v. LANDRY.

### No. 1825.

Court of Appeal of Louisiana. First Circuit.

April 7, 1938.

C. A. Blanchard, of Donaldsonville, for appellant.

C. V. St. Amant, of Donaldsonville, for appellees.

OTT, Judge.

Plaintiffs seek to be recognized as the owners of a certain five-room house constructed of cypress and located on 68 acres of land, more or less, owned by plaintiff Edgar Himel, situated in the parish of Ascension. They claim ownership of said house in the proportion of two-thirds interest to Edgar Himel and one-third interest to his wife, the other plaintiff, the former having acquired his two-thirds interest from the heirs of Miss Amanda Thibodeaux, deceased, by purchase, and the latter having acquired her one-third interest from said deceased by inheritance. They allege that the defendant is in the actual physical possession of the said house and refuses to surrender possession of same, and are asking that the defendant be ordered to give them the possession of said property. Consequently, the action is petitory in nature for the revendication of this immovable.

Defendant filed an exception to the petition on the ground that it failed to allege her place of residence, or the place where she lives, as required by paragraph 3 of article 172 of the Code of Practice. This exception was overruled, and defendant then filed answer and a reconventional demand, with full reservation of her rights under the exception, and admitted that she was in possession of the building claimed by plaintiffs and denied their ownership of same, but claimed ownership in herself in her reconventional demand by reason of a will left by the said Miss Amanda Thibodeaux wherein defendant was made universal legatee; that, while said will had been decreed null and void by a judgment of court as a nuncupative will by public act, it was nevertheless good and valid as a nuncupative will by private act.

To the reconventional demand of the defendant claiming ownership of the building under the will, plaintiffs filed a plea of res adjudicata based on the ground that said will was decreed null and void by a judgment of court rendered on October 30, 1936, in a suit by one of the legal heirs of the deceased against the executor and the legatees, including this defendant. Plaintiffs also filed an exception of no cause or right of action to the reconventional demand of the defendant on the ground that it was not alleged in this reconventional demand that this will, claimed to be valid as a nuncupative will by private act, had ever been proved as such and admitted to probate, and on the further ground that the allegations of the answer show that only three witnesses signed the alleged will, when the law requires the signature of five witnesses.

Both the plea of res adjudicata and the exception of no cause or right of action were sustained, and the reconventional demand of the defendant was dismissed. A judgment was rendered on the merits in favor of plaintiffs as prayed for in their petition. Defendant has appealed.

In this court, counsel for defendant urges only two grounds for a reversal of the judgment: First, the overruling of her exception to plaintiffs' petition; and, second, the refusal of the trial judge to grant a continuance on the day that the case was tried on the merits. In this court, no errors have been pointed out to show that the plea of res adjudicata and the exception of no cause or right of action filed against the reconventional demand were improperly

sustained. We observe in passing, however, that both the plea and the exception were properly sustained, and the reconventional demand of the defendant was properly dismissed, wherein she claimed ownership of the house under the will.

The validity of the will as a nuncupative will by private act had been urged by defendant in the alternative in her answer to the former suit to annul the will, and her contention on this point was there decided adversely to her claim. More than a year had elapsed from the rendition of the judgment annulling the will, and no appeal was taken therefrom. This issue has acquired the force and effect of the thing adjudged, and it cannot be urged again by her to support her claim of ownership of the building under that will. Civ.Code, art. 2286.

The exception of no cause or right of action was also well founded for the reason that no allegation was made that the will had been probated and its execution ordered, a necessary requisite for it to serve as a muniment of title. Civil Code, art. 1644; Marcos v. Barcas, 5 La.Ann. 265; Sprowl et al. v. Lockett et al., 109 La. 894, 33 So. 911. And for the further reason that, from the allegations of the answer, it appears that only three witnesses signed the purported will by private act, which is an insufficient number of witnesses to make the document serve as a nuncupative will by private act under articles 1581 and 1582 of the Civil Code.

The petition does not allege, in so many words, that the defendant resides, or lives in the parish of Ascension, but it does allege that the building sought to be revendicated is located in that parish, and that the defendant is in the actual physical possession of said building and refuses to surrender possession of same. In an action to revendicate immovable property, the defendant may be cited either within the jurisdiction where the property is located, although his domicile may be out of that jurisdiction, or in that jurisdiction where the defendant has his domicile, at the option of the plaintiff. Code of Practice, art. 163; Scott v. Howell et al., 177 La. 137, 148 So. 6.

The petitory action must be brought against the one in the actual possession of the immovable, even though he be only the farmer or lessee. Code of Practice, art. 43; consequently, the allegation that the defendant in this case is in the actual physical possession of the house carries with it the necessary implication that she resides or lives in the parish where the building is situated. The defendant could not be in the actual and physical possession of the house if she did not stay in it, or otherwise be in and about it in person, to such an extent as to keep plaintiffs from taking possession of it, and making it necessary for them to bring this suit to obtain possession from her. We think the allegation in the petition to the effect that the building is situated in Ascension parish and that defendant is in the actual physical possession of that building substantially complies with paragraph 3 of article 172 of the Code of Practice, which paragraph provides that the petition shall state the name of the place of residence of the defendant, or the place where he lives. Defendant's exception was therefore properly overruled. Delisle v. Gaines, 4 Mart., O.S., 666.

It appears from the minute entries that the plea of res adjudicata and the exception of no cause or right of action filed against the reconventional demand were argued and submitted on November 30, 1937. On December 7, 1937, before the plea and the exception were decided, on motion of counsel for plaintiffs, and with the consent of the counsel for defendant, the case was set for trial on December 16th. On the day fixed by agreement for the trial of the case on the merits, counsel for defendant filed a motion for a continuance on the ground that a witness for the defendant was absent assisting in harvesting the sugarcane crop. It does not appear that any process had been issued for this witness nor any effort made to secure his attendance, nor does it appear that counsel for defendant had indicated before the day set for the trial that he would not be ready on that date as he had agreed.

Under the circumstances, we certainly see no reason for disturbing the discretion exercised by the trial judge in refusing the continuance on the ground of the absence of this witness. If the judge were forced to grant a continuance on no better showing than appears here, he would be seriously handicapped in the conduct of his court and the proper expedition of its business.

The record further shows that counsel for the defendant objected to going to trial on the merits on the day fixed for trial with his consent, for the reason that the plea of res adjudicata and the ex-

ception of no cause or right of action had not been passed on. The judge passed on this plea and this exception on that same day. The case then went to trial on the merits, resulting in a judgment in favor of plaintiffs. Defendant filed a motion for a new trial or rehearing, but nowhere in that motion does she show wherein she was deprived of making any defense on the merits of the case by reason of the trial of the case on the day fixed with her attorney's consent. Nor does she make any complaint in this court that she was deprived of any defense, or what defense she could have offered on the merits. As her reconventional demand was properly rejected on the plea and exception, and as she admitted being in possession of the property, it is difficult to see just what defense she could have offered on the merits—her claim of ownership was rejected, and she admitted being in possession of the property.

Finding no errors in the judgment appealed from, it is accordingly affirmed at the cost of the appellant.