197 So.2d 921 (1967)
Succession of Arch Y. GUITAR.
No. 2552.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1967.
Donald W. Kanuk, New Orleans, for Alice Cannon, plaintiff-appellant.
B. E. Loup, New Orleans, for Marjorie Young Fisher, and others, defendants in rule, appellees.
*922 Before SAMUEL, CHASEZ and JANVIER, JJ.
CHASEZ, Judge.
Arch Y. Guitar died intestate at his domicile in the City of Columbia (Boone County) Missouri on the 30th day of November, 1963. His Succession was opened in Missouri and Robert C. Smith in due course was appointed administrator of his estate, letters as such having been issued to him on the 11th day of December, 1963.
On the 13th day of December, 1963 the administrator, Robert C. Smith, caused ancillary succession proceedings to be opened in the City of New Orleans by petition to the Civil District Court for the Parish of Orleans, alleging that decedent had left a last will and testament among his personal effects in Bank Box 2649 of the National Bank of Commerce in New Orleans and prayed for the appointment of a Notary Public for the purpose of searching for decedent's last will and testament in order to have same presented to the Court for probate. An order to this effect was issued by the Court on the 13th day of December, 1963. In due course, to wit: on February 18, 1964the Notary Public filed his return indicating that a will was not found among the effects of decedent.
The record in this proceeding reflects that an ancillary administrator was never appointed. However, on January 3, 1966 Marjorie Young, widow of Robert Fisher, James Butler Bushyhead and Jack Bushyhead, each domiciled in the State of Missouri; Virginia Hale, wife of Kenneth B. Foreman and Charles Herndon Hale, each domiciled in the State of Texas; Virginia Guitar, wife of Mathias Little, domiciled in the State of Illinois; Virginia Roach, wife of Harold Ellis, Edward G. Roach, Jr. and Justin M. Roach, Jr., each domiciled in the State of California; and David Guitar Platter, domiciled in the State of Minnesota, filed a joint petition alleging that Arch Y. Guitar, who was never married and who never had any children or adopted anyone and whose parents pre-deceased him, died intestate at his domicile in Columbia, Missouri, leaving petitioners as his sole heirs, and alleging that there was no necessity for the administration of decedent's estate, prayed that they be recognized as the sole heirs of decedent, and as such placed in possession of his estate simply and unconditionally. Petitioners further had alleged that decedent's estate was free from debt except the expenses of last illness and burial expense which they personally obligated themselves to pay. An affidavit of heirship was filed with the petition, together with proof that the inheritance taxes due the State of Louisiana were paid. The record also contains a descriptive list of all items of property comprising the estate of Arch Y. Guitar, located in the Parishes of Orleans, Jefferson and St. Tammany, State of Louisiana, showing the location of all items and the fair market value thereof at the date of death of the decedent. This list was sworn to on the 14th day of October, 1965 and a recapitulation thereof reads as follows:

Total assets of the Succession of the deceased ................$17,760.46
Total debts and liabilities of the Succession ................. 1,148.88
 __________
Total net estate ..............................................$16,611.58

Judgment of the Court was rendered and signed on the 3rd day of January, 1966 recognizing the hereinabove named individuals as the heirs of the decedent and put them in possession of all property described on the certified list.
The record also reflects that on April 4, 1966 the appellant herein, Alice Cannon, *923 by summary action in the Louisiana succession proceeding alleged she is a creditor of the decedent in the sum of $16,425.00, and by virtue of the provisions of Article 3007 of the Code of Civil Procedure, she is entitled to have security posted by the individuals placed in possession of the estate of decedent to protect here claim, and appellant prayed that the Court require the heirs of the decedent, who were placed in possession of his estate to furnish such security in the sum of $20,000; and, in the alternative, should they not do so, that the succession be opened and administered by mover until all debts of the succession are paid.
The heirs of the decedent, who were placed in possession of the estate, filed exceptions to this motion alleging:
1. The Court lacked jurisdiction over the persons of the defendants;
2. That there is an unauthorized use of summary proceedings;
3. That mover's pleadings are so vague that exceptors cannot intelligently plead thereto;
4. That mover's alleged claim and the procedure invoked to enforce same were prescribed.
The Court maintained the exception of vagueness and granted movant time to amend here pleadings; all of the other exceptions were overruled.
An amending pleading was filed by appellant herein, Alice Cannon, in response to the Court's ruling on the exception of vagueness, which set forth her claim with particularity and prayed for the same relief.
After trial on the merits, the Court dismissed the motion, apparently for the reason that appellant herein, Alice Cannon, did not show that she was a creditor of the deceased, inasmuch as LSA-R.S. 13:3721 prohibited proof by parol evidence of debts of a decedent if the creditor had not taken steps to preserve rights within a year after decedent's death; and movant was unable to present written evidence of the debts claimed.
Application of the appellant for a new trial was denied for the following reasons:
"Granting of a New Trial herein is denied, for the reason that the Mover has not submitted any authority to show that Parol evidence is admissible to prove the debt of the Mover, when Mover has not complied with any of the four provisions set forth in Section 13:3721 of the Revised Statutes, as amended.
"Knowledge of any claim of Mover on the part of the Succession's representativeeven though also acting as Attorney for Moveris not sufficient. Proof of such debt submitted in formal manner as provided by Article C.C.P. 3245, or acknowledgment of such debt in the form provided by C.C.P. 3242 is necessary.
The case cited by Mover is not applicable."
From this judgment Alice Cannon appeals to this Court.
A patent error, not raised by any of the parties, arrested our attention in reviewing this record. This proceeding was instituted in the Civil District Court for the Parish of Orleans as a proceeding ancillary to the proceeding filed in Boone County, Missouri. Article 3401 of the Code of Civil Procedure, dealing with ancillary probate procedure refers to C.C.P. Article 2811 as containing the applicable law of jurisdiction. That Article provides:
"A proceeding to open a succession shall be brought in the district court of the Parish where the deceased was domiciled at the time of his death.

*924 "If the deceased was not domiciled in this state at the time of his death, his succession may be opened in the district court of any parish where:
"(1) Immovable property of the deceased is situated; or
"(2) Movable property of the deceased is situated, if he owned no immovable property in the state at the time of his death."
The laws governing the place or opening a succession in Louisiana have been interpreted to be not rules of venue, but rather of jurisdiction rationae materiae. Howell v. Kretz, 15 La.App. 454, 131 So. 204 (1930). Succession of Bibbins, 152 So. 592 (La.App.1934). The initial petition filed herein by the administrator and the petition for possession filed by the heirs allege that the decedent was domiciled in Missouri at the time of his death; and the detailed descriptive list filed herein listed immovable property in St. Tammany Parish and Jefferson Parish but none in Orleans Parish. These facts stand uncontroverted in the record. Therefore, the Civil District Court for the Parish of Orleans was without jurisdiction to administer this succession, and all proceedings taken therein, being violative of the provisions of Article 2811 of the Code of Civil Procedure, are null and void. See Succession of Bibbins, supra.
Since the alternative motion for posting security or the reopening of the Succession filed by Alice Cannon by the terms of C.C.P. Article 3007 necessarily had to be filed in the succession proceedings and forms part thereof, an appeal from an order granting or denying the motion places pertinent portions of the succession proceeding itself before this court. That the appellate court can notice ex proprio motu a lack of jurisdiction rationae materiae in the lower court and render judgment annulling the lower court's judgment for the want of such jurisdiction is evident from the following cases: Edwards v. Edwards, 21 La.Ann. 610 (1869); Harrison v. Crawford, 29 So.2d 602 (La.App.1947); Lopez v. Bertel, 198 So. 185 (La.App.1940); Foundation Finance Co. v. Robbins, 144 So. 293, 294 (La.App.1932); Ducros v. Couret, La.App., 82 So.2d 782; Succession of Bibbins, supra. Moreover the court's lack of jurisdiction over the subject matter may not be waived by failure to object (C.C.P. Article 925; C.C.P. Article 44) and cannot be conferred by consent (C.C.P. Article 3). Likewise, under the provisions of Article 2164 of the Code of Civil Procedure appellate courts of this state shall render any judgment which is just, legal and proper upon the record before it.
We realize that the cases cited are distinguishable in that the judgments of the lower courts were on direct appeal, and, in the Bibbins case no final judgment of possession had been rendered. However, as indicated above, the ruling appealed from in this case was a part of the succession proceeding, even though predicated upon a motion filed after the judgment of possession. It is apparent that we would be placed in an anomalous position by the rendition of a judgment on the merits of a summary plea in a proceeding where all of the judgments and orders are null and void for lack of jurisdiction; consequently we are constrained to declare the absolute nullity of these proceedings. Therefore the judgment appealed from, together with all judgments and orders rendered in this proceeding, including the judgment of possession decreeing the heirs of Arch Y. Guitar to be placed in possession of the following immovable property:
"REAL ESTATE:
Lot #11, Square 9, Par Street, First Street, Hillcrest Blvd. and La. State Highway No. 58, measures 108' on Par St., similar width in rear, by a depth of *925 167.4' on First St., side and depth of 171.2' on the La. State Highway side line. Being the same property acquired by Arch Y. Guitar by act of record in Conveyance Office Book No. 301, Folio 325, official records of St. Tammany Parish, Louisiana.
One-half interest in and to:
Lots Nos. 21, 22, 23, 24, 25 and 26, Square 24, Kenner Project Subdivision.
Being the same property acquired by Arch Y. Guitar and H. B. Lawson by act of record in Conveyance Office Book No. 468, Folio 320, official records of Jefferson Parish, Louisiana.
One-half interest in and to:
525' × 160' on Firetower Road, Sections 13-7-11, Parish of St. Tammany, La.
Being the same property which was acquired by Arch Y. Guitar and Paul V. Touchard, by act before John F. Stafford, Notary Public, from Northern Homes, Inc., registered in Conveyance Office Book 274, Folio 73, official records of St. Tammany Parish, Louisiana."
together with certain movable property described in the record in the ancillary proceedings entitled "SUCCESSION OF ARCH Y. GUITAR, NO. 418-274, DIVISION "D", of the Civil District Court for the Parish of Orleans, are hereby annulled and set aside. All pleadings filed therein are dismissed without prejudice to the right of the parties to proceed to enforce such rights as they may have in a court of proper jurisdiction.
All costs in this court shall be borne by appellees.
Annulled and set aside.