PICKETT, Judge.
Arch Y. Guitar died intestate at his domicile in the City of Columbia, Boone County, Missouri, on the 30th day of November, 1963. His Succession was opened in Missouri in December, 1963.
On January 24, 1968, James Butler Bushyhead, Jack Bushyhead and Mrs. Marjorie Young, widow of Rober Fisher, each domiciled in the State of Missouri; Virginia Hale, wife of Kenneth B. Foreman, and Charles Herndon Hale, each domiciled in the State of Texas; Virginia Guitar, wife of Mathias Little, domiciled in the State of Illinois; Virginia Roach, wife of Harrold Ellis, Edward G. Roach, Jr., and Justin M. Roach, Jr., each domiciled in the State of California; and David Guitar Platter domiciled in the State of Minnesota, filed a joint petition in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Louisiana, alleging that Arch Y. Guitar, who was never married and who never had any children, or adopted anyone and whose parents predeceased him, died intestate at his domicile in Columbia, Missouri, leaving petitioners as his sole heirs, and alleging that there was no necessity for the administration of the decedents estate, prayed that they be recognized as the sole heirs of the decedents and as such be placed in possession of his estate simply and unconditionally. Petitioners further alleged that decedent’s estate was relatively free from debt. An affidavit of heirship was filed with the petition, together with proof that the inheritance tax due the State of Louisiana had been paid. The record contains a descriptive list of the property comprising the estate of Arch Y. Guitar in the State of Louisiana, together with the fair market value thereof at the date of the death of the decedent. The detailed descriptive list filed herein listed immovable property in St. Tammany Parish and Jefferson Parish, and personal property in Orleans Parish, but no immovable property in Orleans Parish. This list was sworn to on August 26, 1968. An ex parte judgment of the Court was rendered and signed on October 24, 1968, recognizing the hereinabove named individuals as the heirs of decedent and placing them in possession of all the prop *642 erty described in said descriptive list. On the 21st day of January, 1969, Alice Cannon, by summary action in this Succession proceedings, alleged that the domicile of Arch Y. Guitar was actually in the Parish of Orleans, State of Louisiana, at the time of his death on November 30, 1963, and that he was not domiciled in Columbia, Missouri; and, therefore, the court had no jurisdiction and should not have rendered the judgment of possession dated October 24, 1968, and that said judgment should be declared null and void. Alternatively, the mover prayed that if the court should find that decedent was domiciled in Missouri and that this is an ancillary proceeding, that she is entitled by virtue of the provisions of Article 3007 of the Code of Civil Procedure to have security furnished by the individuals placed in possession of the estate to protect her claim against the estate of the decedent in the sum of $16,525.-00; and, in the alternative, should they not do so, that the Succession should be opened and administered by mover until all debts of the Succession are paid. The petitioners herein filed exceptions;' to the jurisdiction of the court as to the persons of defendants’ in rule; unauthorized use of summary proceedings; vagueness; res ju-dicata; and the prescription of one and three years. The exceptions were tried, and the court sustained appellee’s exception to its jurisdiction and declared the judgment of possession read, signed and filed on October 24, 1968, to be null and void and dismissed the suit of petitioners. The petitioners, Marjorie Young Fisher, David Guitar Platter, James Butler Bushyhead, Jack Bushyhead, Charles Herndon Hale, Virginia Hale Foreman, Virginia Guitar Little, Edward G. Roach, Jr., Justin M. Roach, Jr., and Virginia Roach Ellis have appealed.
The exception to the jurisdiction of the Court filed in this case by Mrs. Alice Cannon was tried June 6, 1969. Mrs. Cannon was the only witness who testified. She said Arch Y. Guitar had resided in New Orleans, Louisiana, since 1923, and to her personal knowledge he had been domiciled in New Orleans, Louisiana, since 1945. In fact, he had lived in her home from 1956, until he went to Columbia, Missouri, in March, 1963, to care for his sister, who was suffering from a terminal illness. The appellee testified that Mr. Guitar informed her that after his sister died, that he intended to return to New Orleans. She supported her testimony by reference to various documents which disclosed that he did not change his mailing address after he moved to Missouri. The District Judge concluded that the domicile of Arch Y. Guitar was in New Orleans, Louisiana, at the time of his death; and that the exception to the jurisdiction was sustained, and the judgment of possession rendered and signed on October 24, 1968, was declared to be null and void.
Counsel for the appellants contend that the District Court of St. Tammany Parish, Louisiana, was in error in sustaining ap-pellee’s plea to the jurisdiction, for the reason that the Court of Appeal, Fourth Circuit, in the case entitled Succession of Arch Y. Guitar, 197 So.2d 921, had found that the domicile of the decedent, Arch Y. Guitar, was in Columbia, Boone County, Missouri, at the time of his death. The appellee, herein, was the appellant in the case decided by the Fourth Circuit Court of Appeal; and that she had acquiesced in that judgment for the reason that she did not ask for a new trial, nor apply for writs. The opinion rendered by the Court of Appeal, Fourth Circuit, in the Succession of Arch Y. Guitar, discloses that Arch Y. Guitar died at his domicile in Columbia, Boone County, Missouri; that his succession was opened in Boone County, Missouri ; and that an administrator was appointed. Immediately, thereafter, the administrator caused ancillary succession proceedings to be opened in the Civil District Court of the Parish of Orleans. However, an ancillary administrator was never appointed. On January 3, 1966, the same individuals, who are the appellants in the instant case, by joint petition filed in the *643 above mentioned succession proceedings obtained a judgment of the court recognizing them as the sole and only heirs of the decedent, Arch Y. Guitar, and as such were placed in possession of the decedent’s estate simply and unconditionally. On April 4, 1968, Alice Cannon (appellee herein) by summary action in said cause, alleged that she was a creditor of the decedent in the sum of $16,425.00, and that she was entitled to have the individuals who had been placed in possession of the estate of the decedent give security as provided by LSA-C.C.P. Art. 3007 to protect her claim. After a trial on the merits, the court dismissed the motion filed by Mrs. Alice Cannon, and she appealed. On appeal the Court ex proprio motu noted an error, in that the records disclosed that the proceeding instituted in the Civil District Court for the Parish of Orleans to be ancillary to the proceeding filed in Boone County, Missouri, and that under the provisions of LSA-C.C.P. Article 2811, the applicable law in the case, the Civil District Court for the Parish of Orleans was without jurisdiction because, decedent owned no immovable property in the Parish of Orleans, but that the descriptive list showed immovable property in the Parishes of St. Tammany and Jefferson. In the course of the opinion rendered by the Court of Appeal, Fourth Circuit, the Court said:
“The laws governing the place of opening a succession in Louisiana have been interpreted to be not rules of venue, but rather of jurisdiction rationae materiae. Howell v. Kretz, 15 La.App. 454, 131 So. 204 (1930). Succession of Bibbins, 152 So. 592 (La.App. 1934). The initial petition filed herein by the administrator and the petition for possession filed by the heirs allege that the decedent was domiciled in Missouri at the time of his death; and the detailed descriptive list filed herein listed immovable property in St. Tammany Parish and Jefferson Parish but none in Orleans Parish. These facts stand uncontroverted in the record. Therefore, the Civil District Court for the Parish of Orleans was without jurisdiction to administer this succession, and all proceedings taken therein, being vio-lative of the provisions of Article 2811 of the Code of Civil Procedure, are null and void. See Succession of Bibbins, supra.”
After the Court of Appeal, Fourth Circuit had found that Arch Y. Guitar was domiciled in Missouri at the time of his death, and that the Civil District Court for the Parish of Orleans did not have jurisdiction, the appellants instituted identical proceedings in the District Court of St. Tammany Parish, where the decedent owned immovable property. LSA-C.C.P. Article 3401, dealing with ancillary probate procedure refers to LSA-C.C.P. Article 2811, which in part provides:
“* * * If the deceased was not domiciled in this State at the time of his death, his succession may be opened in the district court of any parish where:
(1) Immovable property of the deceased is situated; or
(2) Movable property of the deceased is situated, if he owned no immovable property in the state at the time of his death.”
Clearly the District Court of St. Tammany Parish has jurisdiction of this succession, if Arch Y. Guitar was domiciled in Missouri at the time of his death, because he had immovable property situated in that Parish. The Court of Appeal, Fourth Circuit, in a judgment that has become final, found that Arch Y. Guitar was domiciled in Missouri at the time of his death. The District Judge erred in sustaining the exception of jurisdiction filed by the appellee, and in annulling the judgment of possession rendered and signed on October 24, 1968, in the instant case.
For the reasons herein assigned, the judgment appealed from is reversed, and the judgment of possession rendered and signed on October 24, 1968, is reinstated. *644 The case is remanded for such other proceedings as are appropriate and are consistent with the views expressed in this opinion. The costs of this appeal are assessed to the appellee.
Reversed and remanded.