CHIASSON, Judge.
John Wright, Mary Wright Porter, S. A. Wright, Hollis Wright, Beatrice Wright James, Leroy Wright, David Morgan, Delores Morgan Atkins, Shirley Morgan, Lor-enso Morgan and Coretha Morgan Richardson, plaintiffs-appellees, filed suit against Howard Wright and James Wright, defendants-appellants, to have an act of sale from their father, Guy Wright, to defendants annulled and to be recognized along with the defendants as heirs of Guy Wright and to be placed into possession of the property which was the object of the sale.
On April 24, 1978, a preliminary default was taken against James Wright. On April 27, 1978, a preliminary default was taken against Howard Wright. On May 2, 1978, the default judgments were confirmed. The trial court held that the purported sale was a donation omnium bonorum and recognized and placed in possession the specified heirs. The defendants-appellants, Howard and James Wright, appealed, urging as specifications of error that the trial court committed error when it rendered judgment because there was insufficient proof to determine (1) that the sale in question was simulated, and (2) that the sale was a donation omnium bonorum.
Louisiana Code of Civil Procedure provides for the burden of proof when a default judgment is confirmed. La.C.C.P. art. 1702 provides in pertinent part:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” * * *
In Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1st Cir. 1977) we held:
“In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant.” (Citation omitted)
La.R.C.C. art. 2444 specifies the proof necessary to attack an act of sale between a parent and a child:
“The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.” (Emphasis added)
At the hearing for confirmation of the defaults, the plaintiffs-appellees introduced the following evidence: the petition; the record of Suit No. 4844;[1] the sheriff’s return of service on James and Howard Wright; the minute entries of the court *1049 showing the dates of preliminary defaults against defendants-appellants; the testimony of the clerk of court; and the testimony of two of the parties. The clerk of the court testified that no answer or responsive pleadings were filed in this case. John Wright took the stand and testified essentially that the allegations of the petition were correct. He also testified that he lived close to his father, saw him every day, that he would have known if his father had received any money around the time of the purported sale, and that James and Howard did not give anything to their father in exchange for the property. The only other witness to testify was S. A. Wright. He was asked if he had heard his brother’s testimony and did he believe it to be correct. He responded in the affirmative.
We do not believe this evidence is sufficient to establish a prima facie case that no price has been paid. The issue is how John Wright knew his father did not receive any money from this sale. His conclusion or opinion that no money was received by his father is not supported by any facts that would establish his familiarity with the money matters of his father. The only facts provided at the hearing were John’s testimony that he lived near his father and saw him every day. We find that these facts were not sufficient for the trial judge to conclude that John Wright had knowledge that his father received no money from the sale. We hold that plaintiffs have failed to establish a prima facie case. So holding, we need not consider appellants’ second specification of error.
The trial court also granted a judgment of possession after recognizing the heirs in the confirmation of a default judgment. We reverse. The petition for possession was not verified by an affidavit of one of the petitioners (La.C.C.P. art. 3002); the required proof of whether or not inheritance taxes were due was not provided (La. C.C.P. art. 3061, 2951 et seq.); and the requisite evidence to prove jurisdiction and heirship was not provided (La.C.C.P. art. 2821-2823, 3001-3008). These provisions of the Louisiana Code of Civil Procedure must be complied with for rendition of a judgment of possession.
For the reasons stated above, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the plaintiffs-appellees. All other costs are to await final disposition.
REVERSED AND REMANDED.

. Suit No. 4844 of the Twenty-First Judicial District Court, Parish of St. Helena: This was a suit by Hollis Wright, S. A. Wright, John Wright, Mary Wright Porter and Leroy Wright against Howard Wright, James Wright and Guy Wright to annul an alleged fraudulent partition and to open the succession of Millie Small Wright and place the heirs in possession of one half of the property which is also the subject of this present suit.