ON REHEARING
LINDSAY, Judge.
We granted rehearing in this case to reconsider our decision on original hearing which held that JoAnne Fuller tacitly accepted the succession of her mother, Helen Smith Fuller, and that Wade R. Baggette was disqualified to be administrator of the succession of Helen Smith Fuller under LSA-C.C.P. Art. 3097. We must also address the question of jurisdiction by the trial court to appoint an administrator to this succession absent a prima facie showing of subject matter jurisdiction by the petitioner.
Three issues are presented for consideration in this case. The first issue is whether JoAnne Fuller tacitly accepted her mother’s succession; second, whether Wade R. Baggette was disqualified under LSA-C. C.P. Art. 3097 to be appointed succession representative of the succession of Helen Smith Fuller, finally whether, without proof of jurisdiction, the action of the trial court in appointing Baggette as administrator of the succession was a nullity.
Many of the facts of this case are set forth in our original opinion. However, briefly stated, the evidence shows that Helen Smith Fuller died intestate on May 11, 1976, survived by one heir, JoAnne Fuller, her daughter. The Succession of Helen Smith Fuller was never opened. JoAnne *757 Fuller died intestate on January 10, 1984, leaving as her only heirs, her two paternal aunts, Mrs. Annie May Fuller Anderson and Mrs. Clara Fuller Tobin, and one maternal aunt, Mrs. Elizabeth Smith Collins.
Following the death of JoAnne Fuller, the paternal aunts nominated Wade Bag-gette, husband of their niece, to be the administrator of the estate of Helen Smith Fuller. A petition was filed seeking the appointment. The petition filed with the Fourth Judicial District Court alleged the jurisdictional facts that Helen Smith Fuller died while domiciled in Ouachita Parish and that she left property within the jurisdiction of the court. However, no affidavit establishing jurisdiction of the trial court was attached to the petition. The judge signed an order appointing Mr. Baggette administrator of Helen Smith Fuller’s succession, subject to the filing of a descriptive list of succession property, with necessary security and his oath of office. These documents were ultimately filed and letters of administration were issued to Mr. Bag-gette.
Mr. Baggette proceeded to administer the succession. During the course of his brief administration, documents were filed in the suit record of the succession which indicated that following the death of Helen Smith Fuller, JoAnne Fuller actually took possession of her mother’s estate and handled the affairs of that estate, although no succession was opened. How the documents to this effect were filed in the record is not clear, but the fact remains that they exist and were transmitted to this court as a part of the appellate record.
On March 26, 1984, plaintiff-appellant, Mrs. Collins, filed a petition to remove Mr. Baggette as administrator of the succession of Helen Smith Fuller, primarily contending that Mr. Baggette was not qualified under the provisions of LSA-C.C.P. 3097. A hearing was held on September 25, 1984. During the hearing, no evidence was admitted which might show that JoAnne Fuller ever accepted the succession of Helen Smith Fuller. The issue of whether a tacit acceptance occurred was never presented to the trial judge and no evidence to that effect was ever formally introduced at the hearing.
Following the hearing, the trial judge ruled that the Succession of Helen Smith Fuller had “fallen to” her daughter upon the mother’s death and that, consequently, there was no succession for Baggette to administer, but the trial court declined to formally order Baggette’s removal as administrator.
Because the trial judge failed to remove Mr. Baggette as administrator of the Succession of Helen Smith Fuller, the plaintiff, Mrs. Collins, appealed to this court contending that:
1. Mr. Baggette should have been removed as administrator of Helen Smith Fuller’s succession because he is disqualified under the provisions of LSA-C.C.P. Art. 3097; and
2. The trial court did not have jurisdiction to appoint Mr. Baggette as administrator since no affidavit of death and domicile was filed in the succession at the time the original petition for appointment as administrator was sought. This issue was raised for the first time on appeal before this court.
This court’s opinion on original hearing held that JoAnne Fuller tacitly accepted her mother’s succession by administering the property and engaging a tax attorney to prepare tax returns. However, information concerning these facts, while filed in the record, was never admitted into evidence at the hearing in the trial court, and was never presented to that court for consideration by any of the parties. Further, the trial court did not base its decision on that information. Upon our review of the succession record and the proceedings of the trial court, it appears that the information was not properly before this court for consideration. Therefore, we set aside so much of our original decision which holds that JoAnne Fuller tacitly accepted the succession of her mother, Helen Smith Fuller.
We must also consider whether we were correct on original hearing in stating that Mr. Baggette was not qualified to be ap *758 pointed administrator of the succession in light of the requirements of LSA-C.C.P. 8097. LSA-C.C.P. 3097 provides, in part:
No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, (emphasis added)
It should be noted that Elizabeth Collins, the maternal aunt of JoAnne Fuller and blood relative of Helen Smith Fuller was appointed succession representative of JoAnne’s estate on October 31, 1984. She also contends that she should be appointed administratrix of Helen Smith Fuller’s succession.
Plaintiff-appellant, Mrs. Collins, as the blood sister of the deceased, Helen Smith Fuller, contends that she is the only “heir” of Helen Smith Fuller who can be appointed under Art. 3097 because Mrs. Tobin and Mrs. Anderson are not blood relatives of the deceased, i.e., they are not “heirs” of Helen Smith Fuller. On the other hand, Mrs. Tobin and Mrs. Anderson (through their nominee, Mr. Baggette) contend that as heirs of JoAnne Fuller, who was the heir of Helen Smith Fuller, they are “heirs of an heir” and, as such, their nominee qualified to be the administrator of Helen Smith Fuller’s succession. They contend that LSA-C.C.P. Art. 3097 should be interpreted to mean, in the context of the family relationship in this succession, an “heir of an heir” is qualified under Article 3097 as a succession representative. We agree.
In this case, when Helen Smith Fuller passed away, JoAnne Fuller was her only heir. As long as JoAnne Fuller was living, none of the litigants in this case were “heirs” of Helen. However, after JoAnne Fuller died, then Mrs. Tobin and Mrs. Anderson became her heirs and inherit from JoAnne Fuller their portion of JoAnne's property, i.e., property inherited from Helen Smith Fuller. Mrs. Anderson and Mrs. Tobin are JoAnne’s heirs, and with respect to Mrs. Helen Smith Fuller, they are “heirs of an heir.” The same is true of Mrs. Collins. She is a blood sister of Helen Smith Fuller but as long as JoAnne Fuller was alive she was not Helen’s “heir.” After JoAnne Fuller died, Mrs. Anderson, Mrs. Tobin and Mrs. Collins all became “heirs of an heir.”
Under this analysis, Mr. Baggette, the nominee of Mrs., .Anderson and Mrs. Tobin, is not disqualified from being the administrator of the succession of Helen Smith Fuller. See Succession of Moore, 28 So.2d 465 (La.App. Orleans, 1946).
As noted above, Mrs. Collins has qualified as the administratrix of the succession of JoAnne Fuller. Mr. Baggette was not disqualified from becoming the administrator of the succession of Helen Smith Fuller. There is no prohibition to the existence of separate administrations of these two successions.
The next question is whether the failure of appellee to file with the original petition an affidavit establishing the jurisdiction of the trial court voids the appointment by that court of Wade R. Baggette as succession representative. Appellant attacks the lack of prima facie proof of jurisdiction of the trial court for the first time on appeal. In an attempt to cure the alleged jurisdictional defect, appellee filed an affidavit of death, domicile and heirship into the appellate record.
In succession proceedings, jurisdiction and venue are synonymous. The proper jurisdiction is the district court of the parish in which the decedent is domiciled at the time of death, or, if not domiciled in this state, the parish where immovable property is located or in the absence of immovable property, the parish in which movable property is located. LSA-C.C.P. Art. 44, 2811. These provisions establish jurisdiction over subject matter and an exception to jurisdiction over subject matter may not be waived. LSA-C.C.P. Arts. 2, 3 and 925; Succession of McElwee, 276 So.2d 391 (La.App. 2d Cir.1973); Succession of *759 Guitar, 197 So.2d 921 (La.App. 4th Cir.1967). Any action taken by a court without proper jurisdiction is void. Because an exception to jurisdiction over subject matter may not be waived, it may be raised at any time.
A succession proceeding must be commenced with the inclusion of an affidavit of death and domicile in order to initially establish the jurisdiction of the court. LSA-C.C.P. 2821, 2822. Not only is this required by law, it is clearly the custom in this state. See for example Form No. 816a, Form No. 816b, Vol. 11, C.C.P. Pleadings and Judicial Forms, page 116, et seq., and footnotes thereto.
Further, LSA-C.C.P. Art. 3002 provides that persons seeking to be placed in possession of an intestate succession must include in their petition allegations including those dealing with jurisdiction. LSA-C.Cr.P. Art. 3003 provides that proof of these allegations is to be submitted as provided by LSA-C.C.P. Art. 2821 through 2823, including affidavits of death and domicile. If the proceeding is not instituted in the proper district court, all proceedings are absolute nullities.
Arguably, since jurisdiction in a succession ease cannot be waived, it would seem that the issue of proper jurisdiction may be raised at any time and proof of jurisdiction presented anytime. However, it was held in Wright v. Wright, 366 So.2d 1047 (La.App. 1st Cir.1978), writ denied 369 So.2d 457 (La.1979), that without the verification affidavit from a petitioner required by LSA-C.C.P. Art. 3002, proof regarding payment of inheritance taxes required by LSA-C.C.P. Art. 2951 et seq., and proof of jurisdiction and heirship, a judgment of possession entered by the district court was invalid. In that case, there was no indication that the district court granting the judgment of possession did not, in fact, have subject matter jurisdiction, but plaintiffs failed to make the prima facie showing of jurisdiction required by the Code of Civil Procedure.
In the present case, appellee petitioned for appointment of an administrator to an intestate succession, not for possession of succession property. However, a showing of jurisdiction remains necessary to prevent the possible risk of fraud or error in the handling of successions. If a petition for the appointment of an administrator is the first pleading filed in a succession there must be attached an affidavit establishing the jurisdiction of the court. See comments to LSA-C.C.P. Form 818a. Therefore, lack of initial proof of jurisdiction voids the appointment by the district court of Wade R. Baggette as administrator of the succession of Helen Smith Fuller.
For the above reasons, we reverse the judgment of the trial court and render judgment removing Wade R. Baggette as administrator of the succession of Helen Smith Fuller. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee, Wade R. Bag-gette.
REVERSED AND REMANDED.
FRED W. JONES, Jr., J., concurs in the result, adhering to views expressed in original opinion.
HALL, C.J., dissents and assigns written reasons.